JUDGE COFER
delivered the opinion oe the court.
The appellants were merchants doing business in the city of Louisville, and kept a small wagon in which to deliver parcels to their customers in the city.
October 1,1874, while the driver of the wagon was out delivering goods, he drove to the front of a house on Broadway, and stopped to deliver some parcels purchased by the occupants of the house. There was no hitching-post in front of the house, and there being a city ordinance prohibiting the hitching of horses to shade-trees on the street, he detached one trace from the singletree, and drawing the horse back in the harness tied the driving-lines to that end of the singletree, and leaving the horse unattended started into the house. When he had gone a short distance from the wagon the horse took fright and ran away, and soon overtook the appellee, who was riding in a small wagon, and running against her wagon with great force broke it in pieces and injured her.
To recover damages for the injury thus inflicted she brought *477 this action, alleging that the 'injury was caused by the negligence of the appellants.
They denied the charge of negligence, and that was the only issue in the cause.
The evidence conduced to show that the horse was kind and gentle; that he had been used for a considerable time in drawing the wagon about the city, and had often been left standing as on the occasion in question, but had never before run away, or attempted to do so; that the driver was ordinarily prudent and careful; that the horse was tied back with the lines, so that when he moved forward with the wagon he carried a considerable part of its weight on the bit. It also conduced to show that there was a hitching-post a short distance further along the street, but that the driver did not know it was there, and could not see it when approaching the place where he stopped.
The plaintiff read in evidence a city ordinance making it unlawful for the driver of any vehicle to be more than ten feet from his horses or other animals while harnessed to such vehicle upon the street. To the introduction of the ordinance the appellants objected and excepted.
Upon this state of the evidence the court instructed the jury “that to leave a horse attached to a vehicle on a public . street in the city of Louisville, unattended, not held by any person, nor hitched or fastened to any thing or object other than the vehicle, is negligence.”
That was substantially to instruct the jury to find for the plaintiff, which they did; and the appellants’ motion for a new trial having been overruled, this appeal is prosecuted to obtain a reversal of the judgment for error in the above instruction.
That it is culpable negligence to leave a horse of vicious or even of unknown habits standing upon a populous street thronged with persons' and carriages, without some one to watch and control him, is hardly open to serious question; *478 and it may be that an instruction such as was given in this case may be given when the facts as just supposed are proved without contradiction. But there was no evidence in this case tending to show whether the population about where the accident occurred was dense or sparse, or whether there were many or few persons and vehicles abroad on the street in the vicinity at the time.
The jury therefore had the right from the evidence to find that the driver was a prudent person, and that the horse was of good habits and disposition, and that there were but few persons or vehicles on the street at the time the casualty occurred. The principle upon which the instruction was based would seem to be that no matter what may have been the character of the horse, or the number of persons then on the street near by, or how great the probability that the mode in which the driver attempted to secure the horse would be effectual, he was guilty of negligence, and that the court might so decide as matter of law.
All the authorities say that the question whether there was negligence in a given case is compounded of law and fact.
The theory of our judicial system is that questions of fact are for the jury and questions of law for the court. "When therefore all the facts essential to the plaintiff’s case are agreed, or established by uneontradicted evidence, nothing remains but for the court to decide whether there was negligence. But unless all the essential facts are agreed, or proved without contradiction, the court can not decide whether there was negligence or not.
In this case all the essential facts were not admitted nor proved without contradiction. There was no conflict in the evidence as to the habits or character of the horse, or as to the failure to hitch him to some other object besides the vehicle drawn by him, nor was it disputed that he was so left upon a public street in Louisville. But these were not all *479 the facts upon which the question of negligence depended. Whether the appellants’ driver used that care which the law made it his duty to use was not proved, except by inferences to be drawn from the other evidence.
It is the legal duty of every person having charge of a horse, in city or country, to apportion the care with which he handles him to the danger to be apprehended from a failure to keep him constantly under control. (Wharton on Negligence, sec. 47.)
He must use such care as is demanded by the circumstances-which he knows or may reasonably believe surround him. In a crowded street the danger that an unguarded horse will take' fright is much greater than in the country where there are but few persons or vehicles passing, and the danger of injury to others in case of fright is much greater in the former than in the latter case. It is therefore the duty of those riding or driving a horse in a crowded street to exercise greater caution than is required of those riding or driving where there are few or no persons present or near by, either to frighten the horse, or to be injured in case of fright, and of course greater caution would be required in some portions of a city than in others. It will not therefore do to say that to leave a horse hitched to a vehicle unsecured in any part of a city is negligence for which the owner is liable to any one who may be injured in consequence, for that would be to require as great caution in the suburbs and along streets traveled by only a few persons as would be required on the busiest and most crowded thoroughfare in the heart of the city.
The amount of care which the law demands is dependent upon the circumstances with which the defendant was surrounded; and as there is no fixed standard by which to measure the demands of the law in such a case, resort must be had to the common standard — a man of ordinary prudence.
*480 Generally, though perhaps not always, when such is the standard, the question whether the defendant has used that care which a man of ordinary prudence would have used under the circumstances is for the jury. If the appellants’ horse was left standing in the manner disclosed by the evidence, on a part of the street which was at the time crowded with persons or vehicles, it would then be a question whether the court could not properly say that no ordinarily prudent man would leave a horse, however docile, unguarded and unhitched at such a place, and therefore that the appellants’ servant was guilty of negligence.
The rule upon this point seems to be that where there is no room for honest difference among intelligent men as to whether the conduct of the defendant was that of an ordinarily prudent man, in view of all the facts and circumstances surrounding him, the question may be decided by the court as one of law. (Hackford v. N. Y. C. R. R. Co., 53 N. Y. 654; D. & M. R. R. Co. v. Van Steinburg, 17 Mich. 99; Cox v. Burbridge, 13 Com. B., N. S., 430; Gaynor v. Old Colony R. Co., 100 Mass. 208; Welfare v. Brighton R. Co., L. R., 4 Q,. B. 693.)
But where, although the facts are undisputed, the court is unable to say that there is no room for honest difference of opinion as to the conduct of an ordinarily prudent man under the circumstances, but that question is to be decided upon inferences to be drawn from the facts already established, those inferences must be drawn by the jury, unless they are certain and incontrovertible. (D. & M. R. R. Co. v. Van Steinberg, 17 Mich. 99; R. R. Co. v. Stout, 17 Wall. 659.)
We are therefore of the opinion that the court erred, unless the common rule in such cases is varied by the ordinance read to the jury by the appellee.
The general council of the city has no general power of legislation. It no doubt had power to pass the ordinance and *481 to enforce it as a mere police regulation, but further than that it had no power. It may be dangerous for a driver to leave his team upon the street, and the city council no doubt had authority to prohibit such an act; but the simple fact that they did prohibit it does not prove nor even tend to prove that the appellants’ driver was guilty of such negligence as renders them liable for an injury resulting from their team having been left standing upon the streets in violation of the ordinance.
Except for purposes of police, the city government has no power to declare what shall or shall not be lawful and to read the ordinance to the jury was no more nor less than to introduce the opinions of the members of the general council as evidence to prove that the appellants’ servant had been guilty of negligence.
In response to the petition op counsel eor appellee eor a rehearing, Judge Coper delivered the pollowing extension op the opinion op the court herein:
Since the foregoing was delivered, counsel for the appellee have filed a petition for a re-hearing, in which they insist that the conclusion reached in regard to the admissibility of the ordinance prohibiting the drivers of teams from leaving them alone upon the streets is erroneous; but if not, that the appellants should not have been allowed to read to the jury the ordinance prohibiting the hitching of animals to shade-trees on the streets.
We have carefully reconsidered the conclusion at first reached in regard to the admissibility of the ordinance first above referred to as affirmative evidence of negligence, and have seen no reason for changing our opinion on that point; and the point now made, that if one ordinance is inadmissible the other is also, will serve further to illustrate and strengthen the view we have adopted.
The ordinance prohibiting drivers from leaving their teams *482 unattended is a valid police regulation, and any one violating its provisions may be punished for so doing. So with regard to the ordinance prohibiting the hitching of animals to shade-trees.
The appellee, for the purpose of showing that there were objects near at hand to which the appellants’ horse might have been made fast, proved that there were shade-trees close by. This having been done, the appellants, in order to meet that evidence and to show that negligence could not be imputed to their servant because he had failed to hitch the horse to one of the trees, read the ordinance to show that to have done so would have been unlawful. That ordinance was therefore not offered as affirmative evidence of due care and caution on the part of the driver, but to rebut evidence offered on the other side. In other words, the appellee proved the presence of the trees as one of the circumstances surrounding the driver, and with reference to which it was his duty to act, and the appellants introduced the ordinance prohibiting hitching to the trees as another circumstance which he was also to attend to.
The trees and the ordinance were circumstances directly bearing upon the conduct' of the driver; and one having been introduced by the appellee, it became proper that the appellants should bring forward the other, that the jury might see precisely what were all the circumstances with reference to which the driver acted or should have acted.
The ordinance forbidding the driver to leave his team bore no relation whatever to the quality of his act when the inquiry is whether his act was negligent or not. The question is not whether he shall be fined, but whether he was guilty of negligence for which his masters shall be mulcted in damages. The masters did not violate the ordinance, and are not responsible, either criminally or civilly, for its violation by their servant; because, as before remarked, the ordinance in no way affects the question of negligence; in other words, it was not one of *483 the circumstances surrounding the servant at the time, and which he ought to have taken into consideration in deciding upon the probabilities that injury would result to others from leaving his team alone on the street. The probabilities of such injury were manifestly not increased by the ordinance.
"We are therefore of the opinion that the court erred in instructing the jury and in admitting the ordinance read by the appellee, and that the court did not err in allowing the ordinance offered by the appellants to be read to rebut the inference of negligence from the evidence offered by the appellee that trees were near at hand to which the horse might have been hitched.
Judgment reversed and cause remanded for a new trial upon principles not inconsistent with this opinion.