## Kentucky Central Railroad Co. v. Barrow.

APPEAL FROM CLARK CIRCUIT COURT.

1. A RAILROAD COMPANY IS NOT LIABLE FOR INJURY RESULTING FROM THE ESCAPE OF SPARKS FROM ITS LOCOMOTIVES, unless it has failed to use the appliances required by the statute for preventing the escape of sparks, or has been negligent in their use.
2. RAILROAD COMPANIES ARE NOT REQUIRED TO PROVIDE APPLIANCES THAT WILL CERTAINLY PREVENT THE ESCAPE OF SPARKS, but only to provide and use the most effectual preventive known to science.
3. NEGLIGENCE—EVIDENCE.—In an action against a railroad company

\*This case was ordered to be reported at the time it was decided, but has been overlooked.

Kentucky Central Railroad Co. v. Barrow.

to recover damages for injury to property alleged to have resulted from escaping sparks, it was competent for plaintiff to prove, in the absence of direct evidence as to the condition of the particular loco-motive, that trains frequently set fire to fences and grass along the line of that road, in the vicinity of plaintiff, and that trains usually passed with the screen or fender laid back.

O'HARA & BRYAN FOR APPELLANT.

1. It was error to allow plaintiff to prove how engines "usually," and at other times and places, appeared as to their smoke-stacks and fenders or screens, and that trains had set fire to other property at other times.

2. The fact that fire has been occasioned by sparks from a railroad en-gine will not render the railroad liable, if it has used reasonable precaution to prevent the occurrence of the accident. (Root v. N. Y. & E. R. Co., 18 Barb., 30; Reading R. Co. v. Yerse, 8 Pa. St., 366; Ill. Cent. R. Co. v. Mills, 42 Ill., 407; Sheldon v. Hudson R. Co., 14 N. Y., 218; Burroughs v. H. R. Co., 15 Conn., 124; Balt. & Ohio R. Co. v. Woodruff, 4 Md., 242; Flynn v. Railroad Co., 40 Cal., 14; Aldridge v. Great W. R. Co., 3 M. & G., 517.)

The plaintiff must prove that the fire doing the damage did occur *actually*, not probably, from the sparks emitted from the engine. (Smith v. Hannibal R. Co., 37 Mo., 287; Ruffner v. Cincinnati R. Co., 34 Ohio St., 96.)

The plaintiff, before he is entitled to recover, must prove some positive act of negligence, or some omission from which negligence can be inferred, upon defendant's part. (Field v. N. Y. Cent. R. Co., 32 N. Y., 339; Macon R. Co. v. McConnell, 27 Ga., 481; Gundy v. Chicago R. Co., 30 Iowa, 419.)

HAGGARD & JONES, H. L. STONE FOR APPELLEE.

1. The court, in instructing the jury, committed no error prejudicial to appellant. (Act of January 30, 1874, Gen. Stats., p. 927.)

2. It was competent for plaintiff to show the *usual* condition of defend-ant's engines in passing over its road, and that fires had been caused by sparks escaping from defendant's engines at other times and at other places in that vicinity. (1 Redfield on Railways, 4th ed., p. 454.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellee to recover of appellant damages for the burning and injury to his fence, grass, hay, and other property, alleged to have been ignited

by sparks of fire that escaped from the chimney of a locomotive engine as it, with a train of cars attached, passed along a railroad owned and operated by the appellant adjacent to the farm of appellee. The jury returned a verdict in favor of appellee, and judgment having been rendered accordingly, this appeal is prosecuted.

The only errors presented to the lower court as grounds for a new trial, and, consequently, as has heretofore been held, the only ones than can be considered on this appeal, relate to the competency of certain evidence admitted on the trial, and to the instructions. In the first paragraph of the petition it is stated that the sparks of fire by which the premises and property of appellee were burned and injured escaped from the chimney of appellant's locomotive engine by reason of the failure of those operating its train of cars to comply with the requirements of an act of the General Assembly, entitled "An act to protect the owners of property in this Commonwealth against damages by fire from steam cars," approved January 30, 1874; and in the second paragraph it is stated that the injury complained of was caused by the negligence of those in charge of the train. The act referred to is as follows:

"§ 1. *Be it enacted by the General Assembly of the Commonwealth of Kentucky*, That it is hereby made the duty of all railroad companies, or persons running or operating cars by steam on any railroad track or tracks in this Commonwealth, to place on or around the tops of the chimneys of such car or locomotive a screen, fender, damper, or other preventive, as will

prevent, so far as possible, sparks of fire from escaping from such cars into fields, pastures or outlands, or igniting any timber or grass, hay, corn-stalks, house, stable, or any combustible matter whatever.

"§ 2. Any person or railroad company failing to comply with the provisions of the first section of this act shall, upon conviction, be fined in any sum not exceeding two hundred dollars for each offense, recoverable by indictment, besides being responsible to any person injured by fire escaping from cars run or operated by them. Such damages may be recovered in any court having jurisdiction of the same," &c.

In some of the States railroad companies are, by statute, made absolutely liable for injuries caused by fire proceeding from their engines, irrespective of any question of negligence; but as such companies are, in this State, authorized by law to operate their railroads by steam, which necessitates the use of fire, they should not, on principle, in the absence of a statute requiring it, be held liable for injuries unavoidably produced by fire kept and used to generate steam; and that view is in harmony with the act just quoted; for persons and companies operating railroads are not required by that act to provide appliances that will effectually and certainly, under every condition, prevent the escape of sparks of fire from the chimneys of their locomotives and cars, but only to provide and use the best and most effectual preventive known to science, so as to prevent, *as far as possible*, injury being done in the mode described in the statute to property near railroads. Therefore, while the act does not, nor was intended by the Leg-

islature to, preclude a person injured by the negligent or careless operation of a railroad in other respects. from maintaining an action for damages, it was obviously not the purpose of the act that those owning and operating railroads should be liable, either to indictment or action for damages, for injury done by the escape of sparks of fire from locomotive chimneys, except when they failed to apply and use the appliances for preventing it required by the act.

It appears that the fire which injured and destroyed. the property of appellee occurred September 5, 1881, and evidence was introduced on the trial in support of the allegation that it was caused by sparks of fire that escaped from the chimney of the locomotive that, with a train of cars attached, passed the farm of appellee about noon of that day. It, therefore, became a material question of fact about which the evidence, though entirely circumstantial, was contra-dictory, whether the screen or fender attached to the chimney of the locomotive was open or closed when that train passed; for it would be no defense to the action to show that the appliance required by the statute was attached to the locomotive chimney, if not closed while the train was moving, it being useless as a preventive if kept open.

The evidence introduced on the trial of which appellant complains was, substantially, that trains frequently set fire to fences and grass at other places in the vicinity of appellee along the line of that road, and at different times during the fall of 1881. It was also stated that the trains usually passed with the screen or fender up or laid back.

The question before the jury was, whether the fire that burned and injured appellee's property was caused by sparks that escaped from the chimney of appellant's locomotive which passed at noon of the day mentioned, for no evidence was introduced tending to show it originated otherwise; and as it was necessary to resort to circumstantial evidence to show the origin of the fire, it was competent to introduce any evidence having a direct bearing upon the question. In the absence of direct evidence as to the condition of that particular locomotive on the occasion referred to, evidence as to the usual condition of appellant's engines which are run upon that road is competent.

In the language of the court in the case of Sheldon v. The Hudson River Railroad Company, 14 N. Y., 218, "The business of running the trains on a railroad supposes a unity of management and a general similarity in the fashion of the engines and the character of the operation." The question in that case was, whether sparks and burning coals were frequently dropped by engines passing on the same road and upon previous occasions, and the evidence was held competent to show that about the time when it happened the trains which the company was running past the location of the fire were so managed in respect to the furnaces as to be likely to set on fire objects not more remote than the property burned. The same doctrine was announced in the subsequent case of Field v. New York Central R. Co., 22 N. Y., 339. In our opinion, the reasons given in the case referred to in favor of the competency of the evidence there considered apply to this case, and the evidence objected to was properly admitted by the court.

We perceive no error in any of the instructions given to the jury when considered together, and it must be presumed they were so considered by the jury. The jury was told in language sufficiently plain and intelligible that they could find only compensatory damages, and were also told that they were not authorized to find for the plaintiff, unless they believed the injury to appellee was caused by fire communicated to his property from the locomotive of appellant.

The judgment must be affirmed.

---

* Case 96—INDICTMENT—May 26, 1885.