CASE 11—PETITION ORDINARY—OCTOBER 1.

# Louisville & Nashville Railroad Co. v. Taylor.

APPEAL FROM TODD CIRCUIT COURT.

1. RAILROADS—DUTY AS TO USE OF SPARK ARRESTERS.—The act of January 30, 1874, as to the use of spark arresters by railroad companies, does not require the use by such companies of appliances that will certainly prevent under all circumstances the escape of sparks from the chimneys of locomotives. They are only required to use the most effectual known preventives of practical use.

2. SAME.—Although the statute provides that the device used for the purpose of preventing the escape of sparks shall be placed "on or around the top of the chimney," a railroad company is not precluded from attaching the device to any other part of the chimney or machinery that is equally as effectual to prevent the escape of sparks. But as the spark arrester used by defendant, of which complaint is made, was placed around the top of the chimney, the defendant was not prejudiced by an instruction telling the jury that it was defendant's duty to have a spark arrester thus attached.

3. SAME.—Although a railroad company may use a proper spark arrester on its locomotive, yet, if through negligence or want of skill it fails to have the spark arrester properly adjusted, or in proper order, it is responsible for losses by fire resulting from such failure.

4. SAME.—In this action against a railroad company to recover for losses by fire, resulting either from defendant's failure to use a proper spark arrester, or from its failure to have the spark arrester properly adjusted, testimony showing that at the time of the firing of plaintiff's property, sparks were seen escaping from the chimney of the locomotive in large showers, was sufficient to authorize the jury to find that the spark arrester was either improperly adjusted or out of proper order.

5. DEFECT IN PETITION CURED.—While the petition in this case alleges that the fire which destroyed the plaintiff's property was caused by negligence upon the part of defendant's agents in running its engine and train, yet as the issue presented by the evidence, which was heard without objection, was as to whether there was a proper spark arrester properly adjusted, the defect in the petition, if any, was cured.

WM. LINDSAY, H. G. PETRIE FOR APPELLANT.

1. When the plaintiff sets out specifically the kind of negligence and fixes it upon certain identified agents or servants of the defendant, he must prove his case as alleged.

A party is bound by any material fact pleaded, though he need not have stated it. (Phœnix Ins. Co. v. Lawrence, 4 Met., 18; Steadman v. Guthrie, 4 Met., 152; Bullitt v. Ralston, 1 A. K. Mar., 331.)

The negligence charged in the petition in this case was carelessness and want of care in the agents and employes running the engine and train, and plaintiff can not recover upon proof of negligence in any other respect.

2. It was error to instruct the jury that defendant was bound to use the best appliances known. It is only bound to provide that which is reasonably good when compared with that which has been proved by proper practical tests to be the best. (Ky. Cent. R. R. Co. v. Thomas' Admr., 79 Ky., 173; Ky. Cent. R. R. Co. v. Barrow, 89 Ky., 638..

3. The verdict is not sustained by the evidence.

BEN. T. PERKINS, JR., EDWARD W. HINES for appellee.

1. The instructions, taken together, do not require defendant at its peril to select the best possible contrivance for preventing the emission of sparks. But even if they can be so construed, defendant can not complain, as the court, *at its instance,* instructed the jury that it was the duty of the company to "use the *most effectual appliance* for purpose known."

2. It is now too late to insist that the petition does not allege negligence in failing to use a proper spark arrester, or in the adjustment of the spark arrester. As the testimony introduced was directed to that point, and the instructions asked by both parties presented the question, the issue must be regarded as made.

3. The statute requires railroad companies to use such a contrivance as will prevent, *as far as possible,* the escape of sparks. It is not a question under the statute whether the company has used such a contrivance as it, in good faith, believed was the best. (Gen. Stats., chap. 90, art. 1, secs. 1 and 2; Ky. Cent. R. R. Co. v. Barrow, 89 Ky., 638.)

JUDGE BENNETT delivered the opinion of the court.

The appellee's meadow, orchard, fences, etc., were fired and consumed or injured by the sparks flying from the chimney belonging to appellant's railroad engine, for which the appellee recovered judgment for two thousand dollars in damages. Said fire was caused, it is contended, by the negligence of the appellant in not having upon said chimney a proper spark arrester, or in not having the same properly adjusted.

These two propositions were submitted to the jury, and they found, as to one or both of them, that the appellant was negligent; and if there was sufficient evidence to sustain either of them, the verdict must stand, provided the jury was properly instructed.

The proof is that the chimney had attached to it what was known as the Diamond Spark Arrester, and that kind was as good for that purpose as any in known use, and which, when in good order and properly adjusted, would ordinarily extinguish fire sparks to such an extent as to prevent the spread of fire from their flying from the chimney. Now the following facts were proven, from which the jury had the right to infer that the arrester was either not in good order, or it was improperly adjusted:

The sparks were seen, in the daytime, on the occasion of the firing of said property, flying from the chimney in large showers into the field. In corroboration of this evidence as to the sparks, two other witnesses say, that in a few days after the fire they saw the sparks flying in the daytime, about the same place, in large quantities from said chimney, which fired a fence on the side of the railroad track. The jury was authorized to believe that these things would not have happened but for the fact that the arrester was either out of proper order or was improperly adjusted, consequently appellant was negligent in that regard. Having held that there was sufficient evidence to authorize the jury to find that there was negligence, the question is, was the jury properly instructed? Upon that subject the act of the Legislature of this State, approved January 30, 1874, and quoted in the Kentucky Central R. R. Co. v. Barrow, 89 Ky., 638, provides

that railroad companies, etc., running or operating cars by steam on any railroad track in this State, shall place on or around the top of the chimneys of such locomotive, "a screen, fender, damper, or other preventive, as will prevent, so far as possible, sparks of fire from escaping," etc. (General Statutes, chapter 90, *a*, article 1, section 1.) That act does not require railroad companies, etc., operating railroads to provide appliances that will effectually and certainly prevent, under all circumstances, the escape of fire sparks from the chimneys of their locomotives, for the reason that such preventives are as yet unknown to science; but they are only required to use the best and most effectual preventives known to science, and of practical use, that will prevent, as far as possible, sparks escaping from the chimneys of their locomotives. (See the case, *supra*.) It was also the appellant's duty to have its arrester in good order and free from defects and properly adjusted, and if it failed in consequence of a want of skill or negligence in any of these particulars, and the fire occurred by reason of such failure, the appellant is responsible in damages. As the object of the statute *supra* was to secure the use of the best and most effective appliances known, etc., we do not understand that the expression "on or around the top" precludes the appellant from attaching the arrester to any other part of the chimney or machinery that is equally as effectual to prevent the escape of sparks. We also understand that if to attach the arrester to some other part of the chimney or machinery should become known as the more effective preventive of the escape of sparks, or a new kind should become known as such, it would be the duty of appellant to adopt the

same.  But the instructions were not misleading on that subject, for the reason the Diamond Arrester used by the appellant is attached about the top of the chimney.  Also the instructions presented the law fully and fairly to the jury.

The proof was heard, *pro* and *con*, without objection as to the negligence complained of, consisting in a defective spark arrester, or improperly adjusting it, which cured the defect in the petition in that regard, if any defect, in that particular, there was.

The judgment is affirmed.