CASE 46—PETITION ORDINARY—NOVEMBER 24.

# Louisville & Nashville Railroad Co. v. Dalton.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. RAILROADS—FIRES CAUSED BY LOCOMOTIVES—INSTRUCTIONS.—In a suit for damages caused by a fire started from sparks of a railroad engine, it was proper to instruct the jury to find for the plaintiff if they believed that the train and engine were handled and managed in such a negligent manner as that sparks escaped therefrom and caused the fire, although they might believe that the engine was at the time provided with the best and most most approved screen or spark-arrester known to science and in practical use.

L. & N. R. R. Co. v. Dalton.

2. EVIDENCE.—In such an action where the fire was within the limits of a city, an ordinance of the city regulating the speed of trains therein was inadmissible to show that the speed of the train exceeded the lawful rate.

JOE McCARROLL FOR APPELLANT.

1. The screen and spark-arrester are not required to be such as will absolutely under all circumstances prevent the escaping of sparks. Kentucky Statutes, sec. 782; K. C. R. R. Co. v. Barrow, 6 Ky. Law Rep., 242; K. C. R. R. Co. v. Threlkeld, 10 Ky Law Rep., 323; L. & N. R. R. Co. v. Taylor, 13 Ky. Law Rep., 374; N. N. & M. V. R. R. Co. v. Terry, 16 Ky. Law Rep., 316; L. &. N. R. R. Co. v. Mitchell, 17 Ky. Law Rep., 977.

2. The speed of a train is never an element of negligence except when it affects the safety of persons or property in some legal sense under the special care of the railroad; and it was improper to permit the ordinance fixing the rate of speed of trains to be read in evidence; that was merely a police regulation and did not enter into the question of negligence. E. L. & B. S. R. R. Co. v. Bean, 10 Ky. Law Rep., 682.

PETREE & DOWNER FOR APPELLEE.

1. If there was any connection at all between the rapid speed of the locomotive and the throwing of the sparks, the evidence as to the speed of the train was certainly competent.

2. The evidence as to the speed of the train being proper, appellant could not have been prejudiced by the reading of the ordinance to the jury.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The chief instruction to the jury presents the nature of the case before us on this appeal. It in substance told them that if the plaintiff's building and its contents were set on fire by sparks from the company's engine, and that the engine at the time was not provided with the best and most approved screen or spark arrester known to science and in practical use, the same being in good order and properly adjusted, they were to find for the plaintiff; and they were to so find even if such screen and spark arrester were attached to the engine and in proper condition, if they further be-

lieved that the engine and train were handled and managed by the defendant's employes in such a negligent manner as that sparks escaped therefrom and ignited the building.

From the proof it is clearly inferable that the building was fired by sparks from the company's engine, but it is also clear from the uncontradicted proof that the engine, in conformity with the requirements of our statute (section 782 Kentucky Statutes), was furnished at the time with the best and most approved screen and spark arrester in practical use, and that these appliances were in perfect order, notwithstanding which sparks escaped, as it is shown they will sometimes do in spite of all effort to prevent it.   Under these circumstances this court has held, and likewise the courts of every State where the liability of the company is not made absolute by statute, that railroad companies are not required to provide appliances that will effectually and certainly, under every condition, prevent the escape of sparks of fire from the chimneys of their locomotives, but only to provide and use the best and most effectual preventive known to science, so as to prevent, as far as possible, injury being done. (Ky. Cen. R. R. Co. v. Barrow, 89 Ky., 638; L. & N. R. R. Co. v. Taylor, 92 Ky., 55; L. & N. R. R. Co. v. Mitchell, 17 Ky. Law Rep., 977.)

Before liability can be fastened on the company for want of proper screens on its engines, or, because of their defective condition, there must be some evidence to show such want or defective condition, such as that an unusual quantity of live sparks were being emitted while the train was going at an ordinary rate of speed or the same engine started several successive fires on the same trip, or the like.   In the

case before us there is no evidence or circumstance of this character to rebut the testimony of a number of witnesses for the company who testify as to the perfect condition of the appliances, after a thorough examination immediately after the fire. In the absence of evidence to the contrary the jury were not at liberty to reject the evidence of these witnesses, and this branch of the case may, therefore, be regarded as having been concluded by the proof. However, whether there was negligent management of the engine and train at the time of the fire is a disputed question. There was a big grade in front of the building consumed and the proof of the plaintiff was directed toward showing that the sparks escaped in switching, because a heavy train was being kicked up grade at the rate of some twenty-five miles per hour within the city limits, instead of which the cars should have been pushed up more slowly; that the engine "labored hard" and increased its speed rapidly to give a momentum to the cars kicked in on the switch and up the grade, so they would roll on over, etc.

The company's witnesses testified that there was nothing unusual in this, and the operation of the engine was entirely prudent under the circumstances. This question as to "whether or not a company is guilty of negligence in managing and operating its locomotives is, as a rule, but not always, a question of fact to be determined by a jury" (3 Elliott, 1225). Here there is no doubt but that the jury is to decide this question under proper instructions and after hearing such competent proof as may be offered.

The instruction on the point involved was clearly right, and we are brought to the single serious question in the

case. Over the protest of the company the plaintiff was, allowed to read as evidence to the jury an ordinance of the city of Hopkinsville denouncing as unlawful the running of a train within the city limits at more than six miles per hour.

Counsel for appellee say they "are in some doubt as to whether the reading of the ordinance to the jury was proper," but insist that the company's substantial rights were not thereby prejudiced. But this can hardly be. The jury was properly told that if the management and operation of the engine and train were in a negligent manner the law was, for the plaintiff. By this ordinance the law was announced to them that running the engine at a greater rate of speed than six miles an hour was unlawful. This was an instruction to the effect that if the running was at such greater rate the company was at fault and in the wrong, and conclusively so because in violation of the law read to them; and all this without regard to whether or not the fact of negligence had been established by any evidence. If the ordinance ought not to have been read, we think it was misleading to have read it and prejudicial to the appellant.

The question, however, recurs, was the ordinance admissible as testimony? In the Superior Court, in E., L. & B. S. R. R. Co. v. Bean, 10 Ky. Law Rep., 682 (Bowden, judge), it was held that "an ordinance of the town regulating the speed of trains passing through it could not render negligent a course of conduct which was not in fact negligent, and was, therefore, not competent evidence." And the same court, in the E., L. & B. S. R. R. Co. v. Gartnell, 11 Ky. Law Rep., 777 (Barbour, judge), said: "In this action against a railroad company to recover for an injury to the plaintiff by

the alleged negligence of the company in running one of its trains, an ordinance of the town in which the injury occurred, limiting the rate of speed of trains through the town to six miles an hour, was not competent evidence."

In a Wisconsin case (Martin v. The Western Union R. R. Co., 23 Wis., 437), the company was held liable for losses occasioned by trains moving at a greater rate of speed than the statute prescribed, and right of recovery was said to be authorized in that case by reason of this act without regard to other acts of negligence. Later case in that court recovery was denied for loss occasioned by fire, although the train was running at an unlawful rate, to-wit, over six miles an hour, because there was no other evidence that the undue speed increased the danger of fire (Bensberg v. Milwaukee, &c. R. R. Co., 50 Wis., 231). And so in Bennett, &c. v. Missouri, K. & T. Ry. Co., 32 S. W. R., 834, it was held admissible to show that the company's trains usually ran past the place where the fire originated at a greater rate of speed than allowed by ordinance, but it was said "the fact that they were so run does not render the company liable for damages done by fire unless it appears that the fire would not have occurred but for such unlawful speed." And after admitting in that case the ordinance as proof the court instructed the jury in substance that, although they might believe the trains ran more than four miles an hour, and in violation of the city ordinance, still they could not find for the plaintiff for that reason unless the running at such greater rate of speed, if any, was the cause of the engines of the company emitting sparks, and that the fire would not have occurred if the engines had been run at a less rate of speed. It would

seem, therefore, that in the only instances where such ordinances have been held admissible the entire force of them has been destroyed by instructions in effect requiring the jury to find support for their verdict, if it is to be against the company on some other ground of negligence than the speed defined in the ordinance. And if this be true, it would seem clear the introduction of the ordinance could serve no purpose save almost necessarily to mislead the jury.

Without attempting to harmonize these apparently conflicting authorities, the true rule seems to us to be that announced by the Superior Court. There can be no recovery of damages in this State against railroad companies in cases of this kind except because of negligence. This is a question of fact to be established by proof. Negligence can not be fastened on the carrier by some local police regulation. Punishment may be imposed for violation of such ordinances, but in civil suits there are well-defined methods of establishing the facts which authorize a recovery, and we can not depart from these methods without doing violence to well-settled principles.

There seems to have been no other error in the trial of the case; but for the error indicated the judgment is reversed for a new trial on principles consistent with this opinion.