CASE 25—ACTION BY F. B. MILLS AGAINST L. & N. R. CO. FOR BURNING RESIDENCE.—SEPT 29. ·

# Mills v. Louisville & N. R. R. Co.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

RAILROADS—ENGINES —SETTING FIRES—SPARK ARRESTERS—BURDEN OF PROOF—INSTRUCTIONS

Held: 1. In connection with other evidence to show that plaintiff's house was set on fire by an unknown passing engine, it may be shown that a few days before a fence as far from the track as the house took fire from sparks from a passing engine.

2. The court should not instruct on burden of proof, but simply frame the instructions so as to indicate on whom it lies.

3. Under Kentucky Statutes, 1899, section 782, requiring railroad companies to equip locomotives with appliances that will prevent, as far as possible, sparks of fire escaping, it is not enough for them to put on safe and approved fire arresters, but they must provide the best and most effectual spark arrester known to science

and of practical use, properly adjusted, that will prevent as far as possible sparks escaping.

S. R. CREWDSON AND W. P. SANDIDGE, ATTORNEYS FOR APPELLANT.

Appellant's dwelling house and outhouses and some of the contents were destroyed by fire about June 20, 1899, as he claims, by sparks emitted from one of defendant's engines.

Our contention is:

1. That although the house was 171 feet from the railroad track, the evidence shows it was a physical impossibility that the fire should have originated otherwise than from sparks from the train, for these reasons:

(a) The fire was first discovered in the roof on the side next to the railroad track.

(b) A freight train had passed the house a short time before the fire was discovered.

(c) There was a heavy grade on the railroad in the direction the train was going.

(d) A strong wind was blowing at the time from the train in the direction of the house.

(e) Large cinders, and many of them, were found in the direction of and near the house.

(f) Trees and fences were shown to have been set on fire the same day or about the same time by the train, as far away from the track as was plaintiff's house.

2. The court erred in not permitting the plaintiff to prove the following facts:

(a) That a short time after this house was burned, a fence over in the field as far from the track as this house took fire from sparks from the engine.

(b) That a few days before this fire, and near by, fences were set on fire as far away as plaintiff's house from the track, by sparks from the engine and that the defendant paid for the fence.

This evidence was competent for two reasons: (1) That it was possible for a coal or spark from an engine to live long enough to set fire to objects as far from the train as was plaintiff's house. (2) That it was a circumstance showing that defendant's spark arresters were not in good condition or were not properly adjusted.

3. The court erred in its instructions to the jury that the spark arresters should be *suitable* and *approved* and in *reasonably* good condition, when it should have told them that the law required them to be the *best* and *most effectual appliances* for this purpose *in general use.*

Mills v. Louisville & N. R. Co.

### AUTHORITIES CITED.

1. The evidence which was excluded should have been heard. Kentucky Central R. R. Co. v. Barrow, 89 Ky., 643; Sheldon v. The Hudson River R. R. Co., 14 N. Y., 218; Field v. N. Y. C. R. R. Co., 22 N. Y., 339; L. & N. R. R. Co. v. Samuel's Ex., 22 Ky. Law Rep., 303.

2. The instructions were clearly erroneous. L. & N. R. R. Co. v. Samuels' Ex., supra; L. & N. R. R. Co. v. Reese, 7 Am. St. Rep., 66; Burlington, &c., R. R. Co. v. Westover, 4 Neb., 268; Carson v. Milwaukee, &c., Ry. Co., 29 Minn., 12; Illinois Central R. R. Co. v. Mills, 42 Ill., 407; Coats v. Missouri, &c., Ry. Co., 61 Mo., 38; Burk v. Louisville, &c., R. R. Co., 7 Heisk., 451; Case v. North Central Ry. Co., 59 Barb., 644; Spaulding v. Chicago, &c., Ry. Co., 30 Wis., 110; Shearman & Redfield on Negligence, sec. 333; Burroughs v. Housatonic R. R. Co., 38 Am. Dec., 71 (note); 1 Thompson on Negligence, 153.

EDWARD W. HINES and J. C. BROWDER, ATTORNEYS FOR APPELLEE.

### POINTS AND CITATIONS.

1. The excluded evidence as to other fires would have been cumulative merely, and therefore its rejection was not prejudicial.

2. Such evidence was competent only for the purpose of showing that it was possible for escaping sparks to cause the fire, and so even if all that evidence had been admitted there would have been no evidence of negligence. It is only where other fires have been caused by sparks escaping in unusual quantities or of unusual size that they are evidence that the fire in question was caused by defendant's negligence. Ky. Stats., sec. 782; Ky. Cent. R. Co. v. Barrow, 89 Ky., 638; L. & N. R. Co. v. Taylor, 92 Ky., 55; L. & N. R. Co. v. Samuels' Exors., 22 Rep., 303; Sheldon v. Hudson River R. Co., 14 N. Y., 218; Field v. N. Y. C. R. Co., 32 N. Y., 339.

3. The burden was on plaintiff to show negligence. (Cases cited above.)

4. A part of the evidence is omitted from the stenographer's transcript, and for that reason the judgment should be affirmed.

5. The errors, if any, in instructions were harmless.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant's residence was destroyed by fire in June, 1899, and he filed this action to recover damages therefor of the appellee on the ground that the fire originated from a spark.

emitted from one of its engines. On the trial of the case the jury returned a verdict in favor of the defendant, and the plaintiff appeals.

The track of the road as it passes appellant's house runs north and south. The house was situated on the east side of the track, and something over fifty yards from it. As shown by the plaintiff's evidence, there had been no fire in the front of the house for several months, and no fire in it at all on that day, except the kitchen fire to get breakfast, between 5 and 6 in the morning. The house was discovered afire in the roof over one of the front rooms facing the railroad about 10 o'clock. The kitchen fire had then been out several hours. The kitchen was at the back of the house. A strong wind was blowing from the west or from the railroad towards the house. The evidence for the plaintiff also showed that about twenty minutes before the fire was discovered a freight train passed going south, and that at this part of the road, being up grade going south, the engines puffed a good deal. There was also testimony to the effect that along this part of the track, and as far from it as the house was situated, a great many cinders were found on the ground varying in size from a pea to the size of a man's thumb nail. At the time that the house was set on fire the fence, which ran along the railroad, took fire north of the house, and about one-eighth of a mile from it, the fence being on the same side of the railroad as the house. The plaintiff offered to prove that a few days before the fire a fence in the field as far from the track as the house took fire from sparks from an engine that was passing. He also offered to prove that a few days before another fence was set on fire near the plaintiff's house by sparks emitted from a locomotive that was passing on the road. This evidence was excluded by the court, to which the plaintiff excepted.

The court allowed the evidence to be given of fires occurring on the day that the house burned, but rejected the evidence as to other fires on other days, though about the same time. The propriety of this rule is the first question to be determined on the appeal.

In 2 Shearman & Redfield on Negligence, section 675, after stating that the plaintiff must show by reasonable affirmative evidence that the fire originated from the defendant's locomotive, the learned authors say: "Evidence showing that the engine emitted sparks in size and number sufficient to account for the fire, and flying near the shed or building which actually caught fire, and that the fire was discovered very soon afterwards, no other cause being known, is sufficient to go to the jury on this point. And, when the particular engine which caused the fire can not be fully identified, evidence that sparks and burning coals were frequently dropped by engines passing on the same road upon other occasions, at or about the time of the fire, before or after, is relevant and competent to show habitual negligence, and to make it probable that the plaintiff's injury proceeded from the same cause." So, in 13 Am. & Eng. Ency. of Law (2d Ed.), 515, the rule is thus stated: "It has been held generally that, in an action for damages from fires alleged to have been caused by sparks from a locomotive, the plaintiff may introduce evidence to show that about the time the fire in question happened the engines of the defendant running past the location of the fire were in such a condition or were so managed as to be likely to set fire to objects in the position of the property burned, or that sparks emitted by engines of the company about that time had set fire to other property similarly situated, and this without showing that these engines were run by the same engineer or were of the same construction as the one that

occasioned the particular damage." The same rule is laid down in 2 Thompson, Negligence, sections 2373, 2374, and was recognized and approved by this court in Kentucky Central R. R. Co. v. Barrow, 89 Ky., 643, 6 R., 240, 20 S. W., 166, where the court said: "The evidence introduced on the trial of which appellant complains was substantially that trains frequently set fire to the fences and grass at other places in the vicinity of appellee along the line of that road and at different times during the fall of 1881." The court, then, after quoting with approval from Sheldon v. Hudson River R. R., 14 N. Y., 218, a leading case announcing the rule above stated, said: "In our opinion the reasons given in the case referred to in favor of the competency of the evidence there considered apply to this case, and the evidence objected to was properly admitted by the court." This case was followed and approved in L. & N. R. R. v. Samuel's Ex'rs, 22 R., 303, 57 S. W., 235, and I. C. R. R. v. Scheible, 24 R., 1708, 72 S. W., 325.

The locomotives of the defendant are under a unity of management. The screens used in all are the same. The proof for the defendant tended to show that they were all in substantially the same condition as to safety from sparks. The engine that passed just before the house was discovered afire could not be identified by the plaintiff. The fact that other fires occurred on property similarly situated set by these locomotives was a circumstance tending to show that the house, although so far from the track, might have been set afire in the same way. And the fact that other fires occurred tended to show either that there was some defect in the screens used by the defendant or in the management of the engines. We therefore conclude that the evidence rejected by the court should have been admitted.

Appellant also complains that the court erred in its in-

structions to the jury. The court gave three instructions. The first is not objected to. The second and third are as follows:

"(2) If plaintiff's dwelling house was set on fire otherwise than by sparks or coals of fire from defendant's engines, then the jury should find for the defendant. And if all defendant's engines passing plaintiff's premises at the time of the fire were equipped with safe and approved fire operated without negligence on the part of defendant's servants, then the jury should find for the defendant.

"(3) The court instructs the jury that if they shall believe from the evidence that defendant's locomotive engines which passed by plaintiff's premises on the morning of June 20, 1899, between the hour of 8 o'clock and the time his house caught fire, were equipped with suitable and approved fire arresters, in reasonably good condition, which prevented sparks from escaping from said engines as far as the same was practicable, they must find for the defendant, even if they shall believe from the evidence that said arresters, in good condition, and the trains were run and fire was caused by sparks escaping from the engines, unless they shall further believe that the defendant's employes in charge of said engines operated them so negligently as to cause fire, and the burden is on the plaintiff to prove said engines were operated negligently and carelessly at said time and place.

"Negligence is the absence of ordinary care, and ordinary care is such care as an ordinarily prudent man would use under similar circumstances, involving his own interests."

The first clause of instruction 2 is not objected to. But it is hard to understand why the second clause of this instruction and instruction 3 were both given, as the same idea is expressed in both. So much of the third instruction

as told the jury that the burden was on the plaintiff to prove that the engines were operated negligently should not have been given, as the court should not instruct the jury upon burden of proof, but simply so frame the instructions as to indicate on whom the burden of proof lies. And while this alone would not be sufficient grounds for reversal, it is better that such instructions should not be given.

It is insisted, also, for appellant, that the instructions do not follow the rule heretofore laid down, in so far as they exempted the defendant from liability if the engines were equipped "with safe and approved fire arresters, in good condition," as expressed in instruction 2, or "with suitable and approved fire arresters in reasonably good condition, which prevented sparks from escaping from said engines as far as the same was practicable," as expressed in instruction 3.

Section 782, Kentucky Statutes, 1899, is as follows: "All companies shall place in, on or around the tops of the chimneys of engines a screen fender damper or other appliances that will prevent as far as possible sparks of fire from escaping from such chimneys." In Ky. Central R. R. Co. v. Barrow, 89 Ky., 638, 6 R., 240, 20 S. W., 165, this court, after quoting the statute, said: "In some of the States railroad companies are by statute made absolutely liable for injuries caused by fire proceeding from their engines, irrespective of any question of negligence; but as such companies are in this State authorized by law to operate their railroads by steam, which necessitates the use of fire, they should not, on principle, in the absence of a statute requiring it, be held liable for injuries unavoidably produced by fire kept and used to generate steam; and that view is in harmony with the act just quoted, for persons and companies operating railroads are not required by that act to

provide appliances that will effectually and certainly, under every condition, prevent the escape of sparks of fire from the chimneys of their locomotives and cars, but only to provide and use the best and most effectual preventive known to science, so as to prevent as far as possible injury being done in the mode described in the statute to property near railroads."

This case was approved in L. & N. R. R. v. Taylor, 92 Ky., 55, 13 R., 373, 17 S. W., 198, where it was said that the company is "only required to use the best and most effectual preventive known to science and of practical use that will prevent as far as possible sparks escaping from the chimneys of their locomotives." It was again followed in L. & N. R. R. v. Dalton, 102 Ky., 290, 19 R., 1318, 43 S. W., 431, where it was held that the company was liable, though the spark arrester was in good condition, if the engine was handled negligently, and thereby sparks escaped from it and ignited the house. These cases were recently approved in L. & N. R. R. v. Samuel's Ex'r, 22 R., 303, 57 S. W., 235, and I. C. R. R. v. Scheible, 24 R., 1708, 72 S. W., 325. The construction of the statute thus so often announced should not now be departed from, and, in lieu of the last clause of instruction 2 and the whole of instruction 3, the court should have told the jury that if they believed from the evidence that the plaintiff's dwelling house was set on fire by sparks ascaping from one of the defendant's engines, yet if they further believed from the evidence that said engine was at the time provided with the best and most effectual spark arrester known to science, and of practical use, properly adjusted, that would prevent, as far as possible, sparks escaping from the chimney of the engine, they should find for the defendant, unless they further believed from the evidence that said engine was operated negligently,

and by reason thereof sparks escaped from it and set fire to the house. The definition of negligence should also be given as in instruction 3. While the evidence was conflicting on the whole case, we conclude that a new trial should be granted.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.