## Louisville & Nashville Railroad Company v. Louisville Provision Company.

(Decided February 2, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Railroads—Ordinance Requiring Electric Signal at Crossing Held Admissible to Show Railroad's Noncompliance.—In action for damages from collision at crossing in a city, ordinance requiring railroad company to maintain electric gong or signal at such crossing was admissible to show defendant's noncompliance, in view of Ky. Stats., section 786.

2. Railroads—Violation of Ordinance Requiring Crossing Gong or Signal Held Negligence.—It was duty of railroad company to obey city ordinance requiring it to maintain gong or electric signal at crossing, and failure to comply therewith was negligence, as to owner of truck struck by train, under Ky. Stats., section 786.

3. Trial—Remark of Trial Court that a Man did Not have to Stop and Figure Out which is Best, when on Railroad Crossing, Held Not Erroneous.—Where driver of truck, when he first saw train approaching, already was in the danger zone, remark of trial court respecting question why he did not back up, instead of crossing, that "he had a right to do what seemed to be the best under his statement; a man doesn't have to stop and figure out which is best," held not erroneous.

4. Railroads—Truck Driver Held Not Guilty of Negligence as Matter of Law in Attempting to Cross Track Instead of Reversing Truck.—Driver of truck held not guilty of negligence as matter of law in attempting to cross track after seeing train approaching, instead of reversing truck.

5. Appeal and Error—Defendant could Not Complain of Testimony which was Same as Written Estimate of Damages it Introduced in Evidence.—In action for damages to truck, struck by train, defendant could not complain of testimony which was the same as

... a written estimate of damages furnished defendant by plaintiff, and which defendant introduced in evidence.

6. Appeal and Error—Admission of Testimony, Objection to which was Sustained Held Not Prejudicial.—In action for damages to truck, where witness was asked whether he sent statement of value of truck to defendant, his answer that a statement was sent, and that defendant's representative "led us to believe that the claim was going to be settled," objection to which was sustained held not prejudicial.

7. Appeal and Error—Instruction Authorizing Greater Damages than Highest Estimate in Evidence Held Not Prejudicial, in View of Jury's Verdict.—Instruction authorizing greater damages than highest estimate in evidence held not prejudicial, where jury's verdict fell within the evidence.

8. Appeal and Error—Instruction Authorizing Interest Held Not Prejudicial, where Interest was Not Allowed.—Instruction authorizing interest held not prejudicial, where interest was not allowed.

WOODWARD, WARFIELD & DAWSON for appellant.

THOS. C. MAPOTHER for appellee.

Opinion of the Court by Commissioner Sandidge— Affirming.

On July 8, 1922, while crossing the tracks of the Louisville & Nashville Railroad Company at Hiawatha avenue, within the corporate limits of the city of Louisville, a truck owned and operated by appellee, Louisville Provision Company, was struck and demolished by one of its passenger trains. This action was instituted by appellee, as plaintiff below, to recover the damages thereby suffered upon the theory that the collision and resulting damages were the result of appellant's negligence. The issues were, negligence, or no negligence, upon the part of appellant, and if any whether or not the injury resulted therefrom, and contributory negligence or none upon the part of appellee. The trial resulted in a verdict and judgment for $2,236.44, from which this appeal has been prosecuted.

Upon the trial of the case appellee, over the objection of appellant, introduced in evidence an ordinance of the city of Louisville, which provided that railroad companies shall erect and maintain at all street grade crossings an electric gong or signal to give warning of approaching trains. The proof herein without contradiction established that no such gong or signal was maintained at the Hiawatha avenue crossing. By the instruc-

tions herein the trial court advised the jury *inter alia* that it was the duty of appellant to erect and maintain at the crossing in question an electric gong or signal to give warning of approaching trains, and that its failure to do so was negligence, and if by reason thereof the truck owned by appellee was struck and injured the jury would find for appellee. The chief ground urged by appellant for the reversal of the judgment herein is that the trial court erred in admitting the ordinance in evidence and in instructing the jury thereunder as indicated. Dolfinger & Company v. Fishback, 12 Bush 474; L. & N. R. R. Co. v. Dalton, 19 Ky. Law Rep. 1318, 102 Ky. 290; Southern Ry. Company v. Wood, 21 Ky. Law Rep. 575; Ward's Admr. v. I. C. R. R. Company, 22 Ky. Law Rep. 191; L. & N. R. R. Company v. Redmon's Admr., 122 Ky. 385; Ford's Admr. v. Paducah City Ry. Co., 124 Ky. 488; C. & O. Ry. Co. v. Gunter, 108 Ky. 362; and C. P. Ry. v. Kuhn, 86 Ky. 578, are relied upon by appellant as establishing the doctrine in this jurisdiction that municipal ordinances are not admissible in evidence, and that a showing that a municipal ordinance has been violated does not make a case of negligence upon the trial of a civil action for tort. Appellee insists with equal vigor that Mullins v. Nordlow, 170 Ky. 169; Wigginton & Sweeney v. Bruce, 174 Ky. 691; Brady v. Straub, 177 Ky. 468; Louisville Trust Company v. Morgan, Admr., 180 Ky. 609; Adams Brothers v. Clark, 189 Ky. 279, and Johnson, et al. v. Westerfield's Admr., 143 Ky. 10, establish the doctrine in this jurisdiction that municipal ordinances are admissible in evidence, and that evidence tending to establish their violation is sufficient to make a case of negligence in an action for damages resulting from a tort. The cases cited seem to be in conflict, and appellant and appellee seem to be able to fortify the opposing positions they have taken with respectable authority. The particular question here presented, however, seems to have been made the subject of legislative enactment which controls this court in its decision. Section 786, Kentucky Statutes, provides, first, the duties of railroad companies as to warning signals, that must be given upon the approach of a railroad train to a highway crossing in all parts of the state outside of incorporated cities and towns. After so doing it further provides: "And shall give such signals in cities and towns as the legislative authority thereof may require."

Further, in providing penalties for the violation of any of its provisions, it decrees that: "The railroad company shall, *in addition to subjecting itself to any damages that may be caused by such failure or violation,* be guilty of a misdemeanor, etc." (Italics ours.) In the case now before us the municipal ordinance required that appellant erect and maintain at the crossing in question an electric gong or signal to warn those using the street of approaching trains. The proof without contradiction establishes that no such gong or signal had been erected or was then being maintained. Section 786 of the statutes, *supra,* expressly makes it the duty of railroad companies to give such signals at grade crossings in cities and towns as the legislative authorities thereof may require. It further expressly provides that for failing to do so a railroad company renders itself liable for such damages as may result therefrom. In view of the statute above, this court has concluded that the trial court properly admitted the ordinance in question in evidence and properly instructed the jury that it was appellant's duty to observe it and that it was negligent in failing to do so.

It is insisted for appellant that much incompetent evidence prejudicial to it was admitted over its objection upon the trial hereof. The conclusion above reached as to the admissibility of the ordinance in question answers appellant's contention as to much of that testimony. While Gohmann, the driver of the truck that was wrecked, was being cross-examined he was asked the question why when he saw the train approaching he did not reverse his car and back from the track instead of driving across. The court interposed and said: "We had that question up; he had a right to do what seemed to be the best under his statement; a man don't have to stop and figure out which is best." Appellant insists that thereby the court erred to its prejudice. The argument to sustain that contention is all based upon the assumption that that witness had testified that before the truck he was driving reached a point of danger on the railroad track and while it was proceeding so slowly that it could have been stopped before it did so the driver of the truck saw the approaching train, miscalculated its distance from him and the speed at which it was traveling, and undertook to beat it over the crossing. Our reading of the record does not sustain that assumption. The testimony of the driver of the truck, as we read it, is clear that at the time he first saw the approaching train the

front end of his truck already was in the danger zone, that is, had reached a point where it would be struck by the train in passing; and the driver then had to determine whether he would undertake to cross the track and clear it before the train struck him or reverse and back the truck from the track before it did so. He undertook the former, prompted by his judgment that it was the last chance under the circumstances and thought it possible to clear the track before the train reached him. Hence the remark of the trial court excepted to was not erroneous. Likewise appellant's contention that it was entitled to a peremptory instruction upon the theory that the driver of the truck was guilty of such contributory negligence by attempting to cross the track after seeing the approaching train as to bar appellee's right to recovery, predicated upon the same state of facts, must be rejected. The facts are not sufficient to bring the case within the rule in L. & N. R. R. Co. v. Trower's Admr., 131 Ky. 589, and the later cases from this court following it.

Complaint is made of testimony for appellee from witness, Karl Zaeh, especially his statement that Bohannon, who represented the L. & N. R. R. Company, had examined the truck and stated to witness that prior to the injury it was worth $1,550.00, and after the injury was worth only $100.00. That testimony was brought out on cross-examination by attorney for appellant after a written statement submitted to the railroad company by appellee fixing the damage resulting from the wreck of the truck at $1,450.00 had been identified and introduced in evidence by this witness. The statement itself so introduced and read to the jury by counsel for appellant recited that $1,550.00 had been agreed upon by the garage foreman of the Louisville Provision Company and an auto mechanic furnished by the L. & N. as the value of the truck immediately before the wreck, and $100.00 as its value immediately afterwards. After introducing that statement attorney for appellant was undertaking to establish that the auto mechanic furnished by it to fix the valuation of the car before and after the wreck did not have any way of knowing its value before the wreck because he had never seen it. In that connection the witness responded to one of his questions that he said it would have been worth that. Appellant is in no position to complain of that testimony since it is the exact statement contained in the written estimate of the

damages furnished appellant by appellee which it introduced in evidence.

That witness was asked this question: "Did you send a statement of the value of that truck at the time of the collision to the L. & N. Railroad Company?" And he answered: "We made a bill on Mr. Martin's stationery; he led us to believe at all times that the claim was going to be settled." The latter statement was objected to and the court sustained the objection. It is insisted that the court sustaining the objection in this instance was not sufficient to cure the error, and that appellant is entitled to a new trial. That contention can not be sustained. It is not altogether certain that the witness, one of the executive officers of appellee corporation, who was its agent in this transaction, and who was interrogated by attorney for appellant as to the statement and estimate of damages furnished by him to appellant, did not have the right to explain why he submitted that statement and, if the agent acting for appellant in the matter had led him to believe that it would be settled if he would submit his proof of loss, to testify to that fact. But, however that may be, certainly as the matter was handled by the trial court nothing occurred that could have prejudiced appellant's rights.

Appellant's chief attack on the instructions given was aimed at that portion of the instruction advising the jury that appellant's failure to erect and maintain an electric gong at the crossing in question was negligence. The other objections to instruction No. 1 are immaterial in view of the conclusion that we have reached as to appellant's chief objection. As insisted instruction No. 4 perhaps was erroneous in authorizing a larger finding as to the damage to the truck than the highest estimate in evidence, but since the jury's verdict fell within the evidence we have concluded that the error was not prejudicial. So also as to the question of interest. Since it was not allowed the instruction authorizing damages for loss of use of the truck and interest can not be regarded as prejudicial.

Perceiving no error herein, the judgment will be affirmed.

The whole court sitting.