Nellie BURNS, Appellant,

v.

CAPITOL BEVERAGE COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Edwin Cohen, Cohen & Cohen, Louisville, for appellant.

Ben T. Cooper, Mayer, Cooper & Kiel, Louisville, for appellee.

OSBORNE, Judge.

The appellant was a passenger in an automobile which she claims collided with a truck. She instituted action against both the driver of the automobile and the owner of the truck, which she claimed to have been the one that struck the automobile. Following the collision, a rather peculiar set of facts transpired. An unknown passing motorist chased what he thought was the truck that struck the automobile. Several blocks from the scene, he stopped the driver of appellee's truck and asked him if he had been involved in an accident. The driver replied that he had not to his knowledge been involved. Whereupon the driver of the truck became worried and contacted the police. An inspection of the truck disclosed that it had not been involved in a collision. After appellant had filed suit appellee's attorney, not being familiar with the total circumstances of the case, filed an answer in which he admitted that his client was involved in the collision. Later on he was able to contact the driver of the truck, who was at the time in Oklahoma, and determine the actual facts. The appellee then amended his answer with leave of court and denied any involvement. The court permitted the amended answer to be filed on June 9, 1967. At that time the case was set for trial in December of 1967.

■ Appellant now contends that the trial court abused its discretion by permitting this amendment. It is her contention that the court should not have permitted the amendment because the original answer contained admissions on which she was relying and she was prejudiced when these admissions were withdrawn from the case.

We do not believe the court abused its discretion. CR 15.01 clearly states that "leave to amend shall be freely given when justice requires." We are persuaded that, under the circumstances here, justice required that appellee have an opportunity to litigate what was his true defense in the case; that being no involvement in the collision. Appellant had ample time to investigate this defense and prepare for trial. There was no element of surprise. Appellant contends that she was prejudiced by reason of having been deprived of the opportunity to secure additional evidence that might be favorable to her. However, she does not explain what that evidence was. Permitting an amendment will not be set aside unless it is clearly an abuse of discretion. Bradford v. Billington, Ky., 299 S.W.2d 601; Newman v. Newman, Ky., 451 S.W.2d 417.

The action was tried before a jury who found for the appellee.

■ Appellant's second contention of error arises out of the trial. It appears that during the course of the closing statement made by her attorney he proceeded to present to the jury the question of who had the burden of proof and the theory of reasonable doubt. At this point, the trial court instructed him that these were not proper questions to be argued before the jury. We do not believe this to be such error as would require reversal of the case, if indeed it was error at all. We have previously recognized the principle that the jury should not be told specifically that the burden of proof is on one party or the other. It has been held enough that the instructions be so framed as to appropriately indicate which litigant has the affirmative burden of persuasion. Utilities Appliance Co. v. Toon's Adm'r., 241 Ky. 823, 45 S. W.2d 478; Mills v. Louisville & N. R. Co., 116 Ky. 309, 76 S.W. 29; Rankin v. Blue Grass Boys Ranch, Inc., Ky., 469 S.W.2d 767.

The judgment is affirmed.

All concur except STEINFELD, J., who was not sitting.