CASE 68—ACTION ON BOND OF CIRCUIT CLERK—MARCH 10, AND MAY 17.

# Commonwealth of Ky. v. J. A. Lyddane, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

ACTION BY COMMONWEALTH OF KENTUCKY, AGAINST J. A. LYDDANE AND OTHERS ON THE BOND OF SAID LYDDANE AS CLERK, TO RECOVER MONEY ILLEGALLY PAID TO HIM. JUDGMENT FOR DEFENDANTS AND THE COMMONWEALTH APPEALS. REVERSED.

COURTS—JURISDICTION OF FRANKLIN CIRCUIT COURT—SPECIAL ACTS— REPEAL OF STATUTE.

Held:    As the Franklin Circuit court, at the time of the adoption of the present Constitution, had jurisdiction co-extensive with the State of actions against clerks of courts to recover payments illegally made to them out of the State treasury, that jurisdiction continues by virtue of Constitution, sec. 126, which provides that the jurisdiction of each circuit court "shall be and remain as

now established, hereby giving to the General Assembly the power to change it," notwithstanding Constitution, section 59, subsection 1, which prohibits the passage of local or special acts "to regulate the jurisdiction, or the practice, or the circuits of the courts of justice."

W. S. TAYLOR, C. J. PRATT AND M. H. THATCHER FOT APPELLANT.

(No briefs in record.)

C. P. CHENAULT, JOHN W. RAY AND E. W. HINES FOR APPELLEES.

1. The case of Bright v. Stone, Auditor, is error. Compensation as used in section 161 of the Constitution, does not apply to fees or to officers paid by fees.
2. The State can not plead ignorance of the law.
3. Equity and good conscience does not require a repayment, by the various circuit clerks, of the $5.00 fee paid them by the auditor in felony cases for services rendered. Constitution, section 161; Debates of Con. Convention, pages 2150-1-2; State v. Grimes, 7 Washington, 446; Supervisors v. Hackett, 21 Wisconsin, 620! State v. Kalb, 50 Wisconsin, 178; Ray & Thornton v. Bank, 3 B. Mon., 510; 89 Ky., 531; 87 Ky., 605; 79 Ky., 334; 42 S. W. Rep., 754, Maysville v. Melton.

C. P. CHENAULT FOR APPELLEE.

1. Ignorance of law will not authorize money to be recovered back by the State. Painter v. Polk County, 25 Am. St. Rep.. 490. People v. Foster, &c., 133 Ill., 509; Snelson v. State, 16 Ind., 29; Badean v. U. S., 130 W. S. Rep.

W. S. PRYOR, C. P. CHENAULT AND JOHN W. RAY, FOR APPELLEE'S PETITION FOR REHEARING.

Ky. Stats., 1722; Gen. Stats., ch. 28, art. 9; also Gen. Stats., ch. 92, art. 9; Ky. Stats., 4169, 4171 and 4182; Gen. Stats., ch. 28, art. 3, sec. 3; sec. 125 Constitution; Con. Debates, page 3990; sub-sec. 18, art. 59, present Constitution.

ORIGINAL OPINION BY JUDGE DURELLE—REVERSING.

This suit presents exactly the same questions which are presented in Com. v. Carter (this day decided), 55. S. W., 701, the opinion in which is here referred to, with the additional question presented by a special demurrer to the jurisdiction of the circuit court of Franklin county. It

is suggested that the constitutional provision (section 59, subsection 1), prohibiting the passage of local or special acts "to regulate the jurisdiction, or the practice, or the circuits of the courts of justice," etc., necessarily precludes the Franklin Circuit Court from exercising jurisdiction in this case, unless service of summons was had in Franklin county. This contention, if sustained, would effect the repeal of the act of April 24,1880,(General Statutes, 1888, p. 255), and would result in holding unconstitutional section 976, Kentucky Statutes, as well as section 4169. Section 976, which provides that "the Franklin Circuit Court shall have jurisdiction, in behalf of the Commonwealth, of all causes, suits and motions against clerks of courts, collectors of public money, and all public debtors or defaulters, and others claiming under them; and for this purpose its jurisdiction shall be co-extensive with the State," is, as said by Judge Grace in Com v. Grand Cent. Building & Loan Ass'n (Ky.), 30 S. W., 626, "almost a literal copy of the former statute under the old Constitution in force in Kentucky for more than forty years, which statute has been commonly referred to as the 'fiscal statute,' and the Franklin Circuit Court as the 'fiscal court of the State.'" There are other sections of the Kentucky Statutes which are mere substantial repetitions of various provisions of the old fiscal statute. But we think the jurisdiction of the Franklin Circuit Court in this class of proceedings by the Commonwealth is saved by sections. 125 and 126 of the Constitution. The former section provides for the establishment of a circuit court in each county now existing, or which may be hereafter created, and section 126 provides, "The jurisdiction of said court shall be and remain as now established, hereby giving to the General Assembly the power to change it." Undoubtedly, as es-

tablished at the time of the adoption of the Constitution
the Franklin Circuit Court had 'jurisdiction of this class
of cases.   Judgment reversed for further proceedings con-
sistent with this opinion.

Chief Justice Hazelrigg and Judge White dissenting.

Opinion by Judge DuRelle overruling petition for rehear-
ing.

In appellees' petition for rehearing it is argued that the
act which gave the Franklin Circuit Court jurisdiction of
suits against clerks of courts, collectors of public money,
public debtors, etc., was not in force at the time of the
adoption of the present Constitution, having been repealed
by the act of 1882, establishing the superior court, (General
Statutes, 1888, chapter 28, article, 3a).   By that act the
original jurisdiction in fiscal cases theretofore vested in the
Franklin Circuit Court was given to the superior court.
Attention is called to article 9, chapter 92, of the General
Statutes, as giving to the Franklin Circuit Court jurisdic-
tion of suits to recover against sheriffs, clerks, and per-
sons authorized to collect the public revenue upon failure
to pay it over when collected.   We presume this reference
was intended to be to article 11, chapter 92, of the General
Statutes, although there are provisions upon that sub-
ject in article 9.   In addition to these provisions, there is
in article 10, section 12, chapter 92, a provision giving the
Franklin Circuit Court jurisdiction of "suits and motions
against sheriffs and their sureties, public debtors, and all
others required to pay money into the treasury, or to do any
other act required by law to be done, connected with the
payment of money into the treasury after it has been col-
lected," etc.   By this section—which is a part of the Hewitt
law of May 17, 1886—article 9 of chapter 28 was, in our

opinion, substantially re-enacted, although its exact language was not, so far as we are informed, again adopted until the adoption of section 976 of the Kentucky Statutes. In our opinion, the act making the Franklin Circuit Court the fiscal court of the Commonwealth was substantially re-enacted by the act of 1886, before referred to, and consequently that court had jurisdiction at the date the new Constitution went into effect For this reason the petition for rehearing must be overruled.

CASE 69—ACTION TO RECOVER CLAIM ALLOWED BY FISCAL COURT—MAY 18.