## Commonwealth v. Reinhart Concrete Block Co., Inc., et al.

Jan. 15, 1943.

Hubert Meredith, Attorney General, Jesse K. Lewis, Assistant Attorney General, Elwood Rosenbaum and O. B. Hannah for appellant.

Conrad G. Matz for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee, Aloysius B. Reinhart, owns real estate situated in Campbell County which the Commonwealth

sought by this action to subject to the lien conferred by statute to secure the payment of Social Security Taxes owing by Reinhart and his predecessor in business, the Reinhart Concrete Block Co., Inc. The Washington Loan and Building Company had previously acquired title by the foreclosure of a mortgage executed by the Concrete Company and had sold the property to Reinhart by a conditional sales contract. All three appellees were served with summons in Campbell County.

On this appeal we are not concerned with the relative dignity of the claims of the Commonwealth and the Building & Loan Company, or with the validity of the tax. The sole question is whether the Commonwealth may assert and enforce by proceedings in the Franklin Circuit Court a lien against real estate, situated in another County, for taxes allegedly due by a taxpayer residing and served with summons in such other county, and compel a lienholder, also a resident of such other county and served therein, to assert his claim in such proceedings. The question can only be answered in the affirmative by construing KS 340a-2, 976, 4171, 4182, 4233, now compiled as KRS 23.020 to confer state wide jurisdiction upon the Franklin Circuit Court to adjudicate and enforce the collection of the Commonwealth's civil claims against its debtors, wherever they may reside or be served with summons within the State, and to subject their properties to the satisfaction of such adjudications in the same manner and to the same extent that such properties might have been subjected had they been located in Franklin County.

The extent of the jurisdiction of the Franklin Circuit Court, when invoked by the Commonwealth to afford it relief in a factual situation such as is disclosed by this record, has, so far as we have been able to ascertain, never been determined by this Court. The decisions heretofore rendered touching the jurisdiction of the Franklin Circuit Court are not helpful except to the extent of indicating that the framers of the Constitution and the Statutes contemplated that the Franklin Circuit Court should be the Fiscal Court of the State with state-wide jurisdiction. Commonwealth v. Lyddane, 108 Ky. 503, 55 S. W. 704, 57 S. W. 471. However, a scrutiny of the Statutes referred to and a consideration of the difficulties which would be imposed upon the Commonwealth were it forced to resort to the various Circuit Courts

throughout the State, a factor undoubtedly influencing the enactment of those Statutes, convinces us that the question moved must be answered in the affirmative. It follows that the Court should have overruled the special demurrer to the petition, and accordingly, the judgment is reversed.