HOT SPRINGS STREET RAILWAY COMPANY *v.* JOHNSON.

Opinion delivered November 6, 1897.

STREET CAR—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.—In an action against a street car company to recover damages for its negligence, it is error to charge the jury that " though you may find from the evidence that plaintiff was to some extent negligent, yet if the defendant did discover, or by reasonable diligence might have discovered, the negligence in time, by using ordinary care, to have prevented the injury, and failed to do so, it would be responsible to him in damages;" for such a charge would make defendant liable for negligence resulting in injury to plaintiff, notwithstanding negligence on his part directly contributing to such result.   (Page 422.)

SAME—RIGHT OF WAY IN STREET.—A street car company has a right of way over public streets traversed by its tracks superior to the rights of the general public to pass along or across such streets.   (Page 422.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*E. W. Rector*, for appellant.

The plaintiff was guilty of contributory negligence; and such negligence bars his recovery, notwithstanding it may

appear that the appellant either did discover him, or might have, by the exercise of the diligence required by the "lookout" statute, discovered him in time to avoid the accident.   62 Ark. 124; Patterson's Ry. Acc. Law, §§ 174–5; 95 U. S. 191; *ib.* 697; 114 U. S. 615; 149 Mass. 127; 113 N. Y. 667; Whitt. Smith, Neg. 314; 2 Wood, Railways (Minor's Ed.), 1518; Beach, Cont. Neg. 447–453; Thomp. Neg. 1236; 102 Pa. St. 425; 83 Mich. 440; 32 Ia. 467; 3 Pierce, Railways, 323.   Ordinary prudence demands that a man look and listen for approaching trains before he ventures on a railway track.   54 Ark. 431; 59 *id.* 122; 61 Ark. 549; 62 Ark. 156.   There being no evidence on which to base the verdict, this court should finally dismiss the cause.   51 Ark. 461.   The appellants are only held to the exercise of reasonable and ordinary care.   42 Ark. 32. The statute requiring a constant lookout on trains does not apply to street railway cars.   62 Ark. 164.   One who would rescind an agreement will be permitted to do so, if at all, only upon his tendering back all benefits which he has received under the agreement.   62 Ark. 274.   The court erred in striking out from the third instruction asked by the appellant the words, "in looking and listening for the car."   It was also error to substitute the words "use ordinary care" for "use his eyes and ears" in the sixth instruction asked by the appellant.

*C. V. Teague*, for appellee.

If there is conflicting evidence as to negligence and contributory negligence, the jury are the judges as to which existed, and their verdict is conclusive of such fact.   The evidence shows that the appellants' motorman could have avoided the injury by exercising reasonable care.   A greater degree of care is required in operating street cars than other kinds of cars, because of the greater number of people who have an equal right to the use of the street, and who do so use it.   52 N. W. 902; 55 N. W. 742; 42 Ark. 321; Elliott, Streets and Roads, 580–1–5–6; 22 Neb. 816; 36 N. W. 529.   Street railways, by the rules of common law, would be held to the exercise of that degree of watchfulness which the "lookout" statute imposes on railroads in general.   The instructions of the court as to negligence and contributory negligence are correct.   11 N. W.

.55; 50 N. W. 690. The release introduced in evidence below cannot be here considered, because it is not incorporated in the bill of exceptions.

WOOD, J. This appeal is from a judgment for damages obtained by appellee against appellant for personal injuries received through the alleged negligence of appellant in running upon appellee with one of its electric cars. There were two defenses, namely, the contributory negligence of appellee, and settlement of his demand.

The evidence justified instructions on negligence and contributory negligence. The court gave the following, at the request of appellee: "Though you may find from the evidence that plaintiff was to some extent negligent, yet if the defendant did discover, or, by reasonable diligence, might have discovered the defendant in time, by using ordinary care, to have prevented the injury and failed to do so, it would be responsible to him in damages." The negligence of plaintiff here referred to must have meant his contributory negligence; else it was not germane to any question under consideration. The doctrine of contributory negligence, as thus stated, conflicts with the rule announced by us in recent cases; for the instruction would make the company liable for negligence in failing to keep the proper lookout, resulting in injury to appellee, notwithstanding negligence on his part directly contributing to such result. This is not the law. *Johnson* v. *Stewart*, 62 Ark. 164; *St. Louis Southwestern R. Co.* v. *Dingman*, 62 *id.* 245; *St. Louis, I. M. & S. R. Co.* v. *Leathers*, 62 *id.* 235; *St. Louis, I. M. & S. R. Co.* v. *Taylor, ante*, p. 364.

The charge of the court, with this exception, upon negligence and contributory negligence was free from error, and the objectionable clause in the above was doubtless through inadvertence retained by the learned trial judge, as it was not included in other parts of the charge upon the same subject.

2. In the first part of the fourth instruction given at appellee's request, the court tells the jury that "the right of persons to pass along, over, and across the streets where defendant company's tracks are laid are equal with those of said defendant." The tracks of street railways, including crossings as well as every

other portion of their tracks traversing the public streets of cities and towns, are used by the cars of such companies in common with the traveling public.   No one is a trespasser for going upon their tracks.   But, while this is true, the traveling public does not have equal rights with the railway company to the use of the tracks for passing along or crossing over same.   "Equal" is not the word.   The street cars, *ex necessitate*, must have, and do have, a right of way on their tracks, where they alone can travel, and this right is superior to that of ordinary vehicles and travelers.   This paramount or better right to the use of their tracks does not give them the right to exclude travelers, and these may move along or across these tracks at any time and place where such traveling does not interfere with the progress of the cars.   Where there is conflict, the individual traveler must yield the right of way.   This requirement of the law is to subserve the public convenience and accommodation. As was said by the Supreme Court of Pennsylvania, it would be unreasonable that a car-load of passengers should be delayed by the unnecessary obstruction of the street railway track by every passing vehicle, horseman.or footman.   *Ehrisman* v. *East Harrisburg City Pass. Ry. Co.*, 24 Atl. Rep. 596; Booth, Street Ry. Law, § 303, and authorities cited.

It is true, as announced in the first paragraph of the third instruction given for appellee, that the traveling public and the street railway company "had equal rights in using the public street," and perhaps this is all the court meant to say in that part of the instruction quoted.   But it is not correct to say that the right of the general public to use that particular portion of the public street covered by the street railway track is equal with that of the street railway company.   Lest the language of the court, *supra*, in the fourth instruction might be so construed, we have announced the law to prevent any misapprehension upon the subject on another trial.

3.   The ruling of the court upon the instructions as to the alleged settlement, in the absence of the writing purporting to be the evidence of that settlement, must be held to be correct. It appears from instruction numbered eight that the court treated this writing as the contract of settlement between the parties.   This writing was in evidence below, but it has not

been brought into the bill of exceptions here, and it will be presumed that it will show every fact necessary to the correctness of the court's ruling upon this subject.

For the error indicated, reverse the judgment, and remand the cause for new trial.