CASE 63.—ACTION BY N. M. FORD'S ADM'R AGAINST THE
PADUCAH CITY RAILWAY FOR DAMAGES FOR
CAUSING THE DEATH OF PLAINTIFFS INTES-
TATE.—January 30.

# Ford's Adm'r v. Paducah City Railway

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant. Plaintiff appeals.
Affirmed.

1. Street Railroads—Negligent Killing—Speed of Car—Expert
Evidence.—On the trial of an action against a street railroad
for damages for the alleged negligent killing of one on its
track, it was not error in the court to refuse to permit the
plaintiff to show by expert street car operators, what would
be a safe and reasonable rate of speed for a car while being
operated over a street at the point where the injury occurred.

2. Same—Question for Jury.—On a trial for damages for the
negligent killing by a street car of one on the track of the
company, where it was proven the speed at which the car
was running at the time, the condition of the street, the
extent and purpose for which it was used by the public;
with these facts before the jury it was for them to say
whether the car was travelling at a dangerous rate of speed.

3. Same—City Ordinance—Regulating Speed of Cars—Evidence.
—The violation of a city ordinance regulating the speed of
street cars, is of itself no evidence of negligence on the part
of the street car company, and such ordinance is not compe-
tent evidence of negligence.

4. Negligence of Motorman—Appearances—Killing Deaf Man—
Reasonable Precautions.—Where the motorman of a street
car saw a man on the street, approaching the track some dis-
tance ahead, and at once sounded his gong and hallooed at
the man, he was not required to stop his car, but had the
right to assume that the man would not come upon the track

until it became reasonably apparent to him that he was not going to get out of his way. After making this discovery it was then his duty to use all means in his power, to avoid injuring him. And the fact that the injured man was deaf, which was not known to the motorman, did not add to the motorman's responsibility.

J. M. WORTEN Attorney for Appellant.

## AUTHORITIES CITED.

1. On admission of expert testimony. (L. & N. R. R. Co. v. Scott's Administrator, 22 Ky. Law Rep., page 30. (Latter part of decision.); Standard Oil Co. v. Tierney, 16 Ky. Law Rep., page 327; Claxton's Ad'mr v. Lexington & Big S. R. R. Co., 13 Bush, page 636. (Latter part of decision.)

2. On admission of speed ordinances. (Southern R. R. Co. v. Wood, 21 Ky. Law Rep., page 575; L. & N. R. R. Co. v. Dalton, 19 Ky. Law Rep., page 1318; Dolfinger & Co. v. Fishback, 12 Bush, page 474; Mahoney v. Dankart, 6 Am. Neg. R., 278, (Iowa); East St. L. L. C. R. Co. v. Reams, 4 Am. Neg., 471, (Ill.); Chicago & Alton R. R. Co. v. O'Neil, 4 Am. Neg. R., 262, (Ill.); Missouri Pacific Ry. Co. v. Chick, 3 Am. Neg. R., 380, (Kan.); Laufer v. Gridgport T. Co., 2 Am. Neg. R., 310, (Conn.); Harrison v. Sutter St. Ry Co., 2 Am. Neg. R., 403, (Col.); Graney Et. Ux. v. St. L. I. M. & S. R. Co., 1 Am. Neg. R., 290, (Mo.); Gathard v. Ala. G. S. R. R. Co., 11 Am. Neg. Cas., 33, (Ala.); Jackson v. Grand Ave. Ry. Co., 4 Am. Neg. Cas., 727, (Mo.)

3. On instructions. (Chesapeake & Ohio R. R. Co. v. Keelin's Ad'mr, 22 Ky. L. Rep., 1942; Floyd v. Paducah Ry. & Light Co., 73 S. W., 1122; Central Pass. Ry Co. v. Chatterson, 14 Ky. Law Rep., 663; South C. & C. St. Co. v. McHue, 25 Ky. Law Rep., 1112; Flynn v. Louisville Ry. Co. 23 Ky. Law Rep., 57; Louisville Ry. Co. v. French & Co., 71 S. W., 486.

WHEELER, HUGHES & BERRY for Appellee.

## POINTS AND AUTHORITIES CITED.

1. "It requires no expert to know when a car is moving at a dangerous rate of speed; to move it at any rate of speed is dangerous." (L. & N. R. R. Co. v. McCombs, 21 Ky Law Rep., 1232.)

2. "When a city adopts an ordinance regulating the speed of cars passing over its streets, one injured in collision with such cars cannot prove by such ordinance that the car was moving at a

greater rate of speed than allowed." (R. R. Co. v. Woods, 21 Ky. Law Rep., 575; L. & N. R. R. Co. v. Dalton, 19 Ky. Law Rep., 1318; Dolfinger v. Fishback, 12 Bush, 474; Ward's Ad'mr v. I. C. R. R. Co., 22 Ky. Law Rep., 191.)

3. "A street car has the right of way over streets traversed by it and it is the duty of travellers to give unobstructed passage to it." (Central Passenger Ry. v. Chatterson, 14 Ky. Law Rep., 663.)

4. "A motorman on a street car, seeing a person on the track, has a right to assume such person will leave it in time to avoid injury, and he need take no step until he, in the exercise of ordinary care, discovers that such person is not going to leave the track or is unaware of his danger." (Ward's Adm'r v. I. C. RR. Co., 22 Ky. Law Rep., 191; Gorman's Adm'r v. Louisville Ry., 24 Ky. Law Rep., 1938.)

5. "It is highly culpable for one totally deaf to walk on a car track over which he knows cars are constantly passing without keeping a look out for them."

OPINION OF THE COURT BY JUDGE LASSING— Affirming.

This suit was instituted in the McCracken circuit court by the administrator of N. M. Ford against the Paducah City Railway, seeking to recover damages for the killing of N. M. Ford. The petition alleges that the defendant company, in operating one of its cars, carelessly, negligently, and recklessly ran upon and against deceased, knocked him down, and so injured him that he immediately thereafter died. The company's answer was a traverse, and also a plea of contributory negligence. A reply made up the issue. After the issue had been made, the plaintiff offered to file an amended petition, for the purpose of filing the franchise which the defendant company had from the city of Paducah. The defendant objected to the filing of this amendment, and the court sustained the objection, and refused to permit it to be filed. The trial resulted in a verdict for the defendant company, and the plaintiff appeals.

The proof shows that the deceased, an aged man,

was walking north, near one of appellee's car tracks on Sixth street in the city of Paducah, between Jackson and Tennessee streets, and that, while so walking, he was struck by a southbound car on said track; that is, a car running in the opposite direction. Sixth street, where the accident occurred, had no improved sidewalks; the sidewalks were laid out, but had not been paved. It was the custom of pedestrians to walk in the streets. The street at this point where the accident occurred had been recently graveled or macadamized, and was rough; the smoothest part was near the tracks, or between the rails of the track, of the defendant company. The deceased was very deaf. The accident was seen by but one eyewitness. a man named Dickey, who was sitting on his porch nearly opposite the place where the accident occurred. He states that when he first observed the deceased he was walking slowly along the street near the outer edge of—perhaps five feet from—the rail of the track; that he was gradually approaching the track. He was so situated on his porch that he could not see the car at the time. His attention was next directed by the ringing of the bell and the holloing of the motorman, and he looked up and saw the deceased almost opposite him, and too near the car track to permit the car to pass without striking him, the car at the time being some 60 or 80 feet from the deceased. The car did not run over deceased, but struck and knocked him down, and he died in about 15 minutes thereafter. The car came to a standstill before it had entirely passed deceased. The witness Sencer testifies that deceased was lying with his feet near the hind trucks of the car. The motorman in charge of the car did not testify, the proof showing that he was not, at the date of the trial, in the employ of the company, and had not been for a

month or more, and his whereabouts were unknown. A witness (Rice), flagman for the Nashville, Chattanooga & St. Louis Railway Company, testifies that he heard the car strike deceased when he was a square and a half away; that he heard the lick above· the sounding of the bell and the holloing of the motorman; in fact, he says he is not positive he heard either the ringing of the bell or the holloing of the motorman, but it was the lick that attracted his attention. Appellant offered to prove by several witnesses who had had experience in the operation of street cars what would be a safe and reasonable speed in running cars, but the court refused to permit this testimony to go to the jury. These facts are taken from the statement thereof in appellant's brief.

Appellant claims that the trial court erred to his prejudice in several particulars, but principally in refusing to permit him to show by expert street car operators what would be a safe and reasonable rate of speed for a car while being operated over a street such as the one that this car was being operated on at the point where the injury occurred; second, that the court erred in instructing the jury; and, third, that the court erred in refusing to permit the amendment offering to file the franchise of the defendant company to be filed. We do not think that the court erred in refusing to permit the witness to testify as to what would be a reasonable rate of speed, for the reason that what might be negligence in the speed of a car in one portion of a city might not· be negligence in another portion thereof; in fact, what would be negligence in the speed of a car in one square of ·a street, might not be negligence in the next square. So it is impossible to fix an arbitrary rate of speed at which it would be safe to operate a car within the city limits. Appellant was permitted to prove,

as best he could, the speed at which the car which ran against deceased was moving; he was permitted to show the condition of the street, the extent to which it was used by the public, and the purposes for which it was used in general by the public, and we are of the opinion that, with these facts before them, it was for the jury to say whether the car in question was traveling at a dangerous rate of speed. It has been held that to move a car at all is per se dangerous. L. & N. R. R. Co. v. McCombs, 54 S. W., 179, 21 Ky. Law Rep., 1232. The danger is not confined alone to the speed with which the car is moved, but to the manner in which it is operated as well, and, when the jury is told how fast the particular car in question was moving, the condition of the track over which it was moving, and the use to which the street was put over which it was moving, they must judge for themselves as to whether or not the rate of speed, under the circumstances and conditions shown to exist, was excessive.

Counsel for appellant contends with much earnestness that the court erred to his prejudice in refusing to allow proof that the ordinance of the city of Paducah requires street cars to move in the business sections of the city at a rate of speed not exceeding 8 miles an hour, and elsewhere at a rate not exceeding 10 miles per hour, and he cites authorities from several other states tending to support his contention. He does not cite any Kentucky authorities, however, and we have been unable to find any that tend to support his contention. On the contrary, it has been repeatedly held that the violation of a city ordinance in this respect is, of itself, no evidence of negligence. L. & N. R. R. Co. v. Redmon's Adm'x, 122 Ky., 385, 91 S. W., 722, 28 Ky. Law Rep., 1293; L. & N. R. R. Co. v. Dalton, 43 S.

W., 431, 19 Ky. Law Rep., 1318; Dolfinger v. Fishback, 12 Bush, 474. The violation of a city ordinance is no more evidence of negligence than obedience to its provisions would be evidence of due care. We do not think the trial court erred in refusing to permit the ordinance to be introduced.

Appellant complains of the instructions as given by the court, but a careful analysis of his objections thereto shows that his real objection is because the court said to the jury in instruction No. 1 that appellee had a right to use its track, and he argues from this fact that the jury were doubtless led to believe that appellee had the exclusive right to the use of its tracks. We do not think, however, that the jury was misled by this instruction. The Supreme Court of Pennsylvania, in the case of Ehrisman v. East Harrisburg City Railway, 24 Atl., 596, 17 L. R. A., 448, said: "There is this distinction to be observed between steam railroads and street railways. In the case of the former they have the exclusive right to the use of their tracks at all times and for all purposes. except at road-crossings. Street railways have not this exclusive right. Their tracks are used in common by their cars and the traveling public. While this common use is conceded and is unavoidable in towns and cities, the railway companies and the public have no equal rights. Those of the railway companies are superior. Their cars have the right of way, and it is the duty of the citizen, whether on foot or in vehicles, to give unobstructed passage to the cars. This results from two reasons: First, from the fact that the car cannot turn out or leave its track; and, secondly, for the convenience and accommodation of the public. These companies have been chartered for the reason, in part at least, that they are a public accommodation. The convenience of an

individual who seeks to cross one of the tracks must give way to the convenience of the public.   It would be unreasonable that a carload of passengers should be delayed by the unnecessary obstruction of the track by a passing vehicle.''   And this court in the case of Central Passenger Railway Co. v. Chatterson, 14 Ky. Law Rep., 663, adopted the rule laid down in the Pennsylvania case, without qualification, as the law defining the relative rights of the street car companies and citizens in the use of the public streets.   Under this rule, the street car had the right of way, and the appellant was not prejudiced because of the fact that the court, in its instruction so told the jury, and when the instruction complained of is read in conjunction with the other instructions given, we are of opinion that appellant was not prejudiced thereby.

Appellant also complains of instruction No. 3, because in that instruction the court told the jury that appellee had the right to assume that deceased would leave its track in time to avoid injury, etc. This objection is not well taken, for this court has repeatedly held to the contrary, and in the case of Ward's Adm'r v. I. C. R. R. Co., 56 S. W., 807, 22 Ky. Law Rep., 191, the rule is thus stated: ''The rule is well settled in this State that those in charge of a railroad train on seeing a trespasser on the track have a right to assume that he will get out of the way, and need take no steps to stop the train to avoid injury to him, unless they have reason to believe that he is not aware of the danger, or unable to protect himself.''   In the case at bar, the proof shows that the deceased was walking north, along the edge of the car track, while the street car was approaching him, going south.   There is no evidence that the motorman in charge of the car knew that the deceased

was deaf. In the absence of such knowledge he had a right to believe that the deceased would leave the track in time to avoid being struck by the car, upon hearing the ringing of the bell, and the motorman was not required to stop the car or to take steps to avoid injuring deceased until he discovered, or it became reasonably apparent to him, that deceased . was not going to get out of the way. After having made this discovery, it was his duty to use all means in his power to avoid injuring him. The witness, Dickey testifies that the motorman not only sounded the bell, but that he holloed a warning to the deceased, and evidently made every effort that he could to avoid injuring him. The speed of the car at the time it struck deceased can best be determined from the fact that the car did not pass beyond deceased's body on the ground before it came to a complete stop. The proof is not at all satisfactory as to the rate of speed at which it was traveling, but it was certainly not traveling at a high rate of speed, or else it could not have been stopped within the short space within which it was stopped.

We are of opinion that the court gave to the jury the law of the case as warranted by the facts proven, and the judgment is affirmed.