## Smith's Administrator v. Louisville Railway Company, et al.

(Decided March 23, 1917.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, No. 1).

1.    Appeal and Error—Discretion of Trial Court—Granting New Trial. —While a circuit court is vested with a broad discretion in granting a new trial, and its action will not be reversed except in case of an abuse of such discretion, the granting of a new trial upon an insufficient ground is error, where none of the other grounds relied on are sufficient to authorize a new trial.

2.    Street Railroads—Tracks in Public Highway—Duty to Traveler.— Where, at a point about two squares from the limits of a city, the tracks of a street railroad company are laid in and along the highway and are used by the traveling public as a walkway, it is the duty of the company in approaching such point to keep a lookout, to have its cars under reasonable control, to give timely warning of their approach, and to use ordinary care to avoid injuring persons on or so near to the tracks as to be in danger, and this duty does not depend upon the frequency of such use of the company's tracks by the traveling public, but grows out of the fact that the traveler has the right to use the tracks and is not a trespasser.

3. Trial—New Trial—Ground—Sufficiency.—Since the duty of a street railroad under the above circumstances does not depend upon the frequency of the use of its tracks by the traveling public, but grows out of the fact that the traveler is not a trespasser, a statement of the trial court, made in the presence of the jury after three witnesses had testified on the question of the customary use by the public of defendants' tracks as a walkway, to the effect that they could assume from the tetimony that the tracks were used as a pathway by the public and that it was not necessary to introduce any more testimony on that point, was not prejudicial to the defendants and, therefore, furnished no ground for a new trial.

ERNEST NEUMAN and EDWARDS, OGDEN & PEAK for appellant.

STRAUS, LEE & KRIEGER for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing:

Defendants, Louisville Railway Company and Louisville and Interurban Railroad Company, operate an interurban line between the city of Louisville and Audubon Park, in Jefferson county. About noon on July 28, 1913, Lloyd Smith was struck and killed by an interurban car. Thereafter his administrator brought this suit against the two companies to recover damages for his death. The first trial resulted in a verdict and judgment for plaintiff in the sum of $5,000.00. The trial court awarded a new trial. The second trial resulted in a verdict and judgment for defendants. Plaintiff's motion for a new trial and to have the first judgment substituted for the second judgment being overruled, he appeals.

The accident occurred near Spring Garden Station about two squares from the city limits on the Preston street road, one of the principal county highways leading out of the city of Louisville. The defendants do not own a right-of-way separate from, and independent of, the highway, but their tracks are laid in, and along the west side of, the highway. The Preston street road runs north and south, and at the time of the accident both the decedent and the car were going north. The proof for the plaintiff tends to show that decedent was walking on the track and that he was in plain sight of the motorman for a distance of about 600 feet. While one witness claims not to have heard the sounding of the gong,

the weight of evidence is to the effect that the gong was sounded, but when sounded the car was only from 30 feet to 75 or 80 feet distant. Plaintiff further showed that the car was being run at a very rapid rate of speed, and that the railroad tracks at the place of the accident were frequently and constantly used as a walkway by the public in general. On the other hand, the evidence in behalf of the defendants tended to show that the car was proceeding at a moderate rate of speed, and while they admitted that the tracks were sometime used as a walkway, they denied the frequency and constancy of such use.

Besides other instructions not now necessary to be considered, the trial court told the jury in substance that it was the duty of the motorman in charge of the car to exercise ordinary care to avoid collision with any persons that might be upon the track, and that this duty included the duties of running the car at a reasonable rate of speed, of having it under reasonable control, and of keeping a lookout for persons upon the track, or so near the track as to be in apparent danger, and if they believed from the evidence that the motorman failed to observe any one or more of these duties and by reason thereof the decedent was struck and killed, the law was for the plaintiff and they should so find; but unless they so believed from the evidence, they should find for the defendants.

After plaintiff had introduced three witnesses on the question of the customary use by the public of defendants' tracks as a walkway, the trial court made the following statement in the presence of the jury:

"We can assume from the testimony that the tracks were used as a pathway by the public. It is not necessary to introduce any more testimony on that point."

At the conclusion of plaintiff's testimony, defendants' motion for a peremptory instruction was overruled.

In due time after the verdict in favor of plaintiff was returned, defendants filed motion and grounds for a new trial. In granting the new trial the court delivered the following opinion:

"I think the instructions were probably correct. The verdict is large considering the testimony as to Smith's habits as to drink. On the whole case, I am in sufficient doubt as to the propriety of my remarks during Mrs.

Strohmeier's testimony and as to their effect upon the jury, and feel justified in setting aside the verdict and having a second trial."

The first question presented, and the only question that we deem it necessary to consider, is whether the lower court erred in setting aside the first verdict and granting a new trial.

It is well settled that circuit courts have a broad discretion in the matter of granting new trials, and that this discretion will not be interfered with unless it appears that it has been abused. Cherry Bros. v. Christian County, 146 Ky. 330, 142 S. W. 726; Brown v. L. & N. R. Co., 144 Ky. 546, 139 S. W. 782. However, when the reason given by the circuit court is not sufficient and none of the other grounds relied on are sufficient to authorize a new trial, it is error to grant a new trial. Ross v. Kohler, 163 Ky. 583, 174 S. W. 36; Perkins v. Ogilvie, 148 Ky. 309, 146 S. W. 735.

The principal grounds urged for a new trial were: (1) The court erred in its instruction in regard to the duties of the motorman in operating the car; (2) the verdict was not sustained by sufficient evidence; and, (3) the comment of the court with reference to the effect of the testimony concerning the use of the track by the public was prejudicial.

Whether the comment of the court was prejudicial depends on the propriety of the instruction with reference to the duty of the motorman. For this reason, we shall first consider the instruction. The defendants insist that the instruction is erroneous under the rule laid down in the case of Louisville Railway Company v. Smock, 147 Ky. 345, 144 S. W. 40. An examination of the facts of that case will show that there was a failure to prove that the accident occurred on a public highway, or that the tracks of the company were located in a public highway. For this reason, the court held that persons using the tracks of the company at the place of the injury, took them as they found them, and the company was under no duty to run its cars at a reduced speed because of their presence. A different rule prevails where the company's tracks are located in a public street or highway. While the right of a street railroad company to the use of that part of the public street or highway occupied by its tracks is paramount to that of the public, because of the fact that its cars run on a

fixed track, yet, subject to this qualification, the rights of the company and of the traveler are equal and reciprocal, the traveler having as much right, if in the exercise of ordinary care, to go across or along such part of the street when not occupied by cars as across or along any other part of the street, and is not a trespasser in doing so. Out of this equality of right arise reciprocal obligations, it being the duty of the company, on the one hand, to keep a lookout, to have the car under reasonable control, to give timely warning of its approach, and to use ordinary care to avoid injuring persons on, or so near to the track as to be in danger, and the duty of the traveler, on the other, to exercise ordinary care to learn of the approach of the car and to keep out of its way. Ford v. Paducah City R. Co., 124 Ky. 488, 99 S. W. 355, 124 Am. St. Rep. 412, 8 L. R. A. (N. S.) 1093; Louisville Railway Co. v. Boutellier, 110 S. W. 357; Cornelius v. South Covington Street Railway Company, 93 S. W. 643. We see no good reason why the same rule should not apply to the facts of this case. Here it is admitted that the railroad tracks were laid in and along the public highway, and the accident occurred about two squares from the limits of the city and at a point where the public used the tracks as a walkway. In making such use of the tracks, the members of the public were not trespassers, but were on the tracks as a matter of right. That being true, the company's customary duties did not cease merely because the accident happened outside of the limits of the city. In such a case the company's duty grows out of the fact that the public have an equal right to use the tracks as a walkway and their presence must be anticipated. Under this view of the case, the company's duty is not affected by the frequency of such use. We take it, however, that the question whether the warning is sufficient, or the speed of the car is reasonable, depends upon the time, place and circumstances of the accident. A warning or a rate of speed that would not be reasonable in the congested and business districts of a city might be reasonable in the outskirts of a city where the travel is not so great. For this reason, the frequency of the use of the tracks does have a bearing on the question whether the company exercised ordinary care under the particular circumstances of the case. Here plaintiff offered three witnesses on the question of the use of the tracks

by the public at the place of the accident. In excluding further evidence the court merely said: "We can assume from the testimony that the tracks were used as a pathway by the public. It is not necessary to introduce any more testimony on that point." Inasmuch as such use of the tracks by the public was practically admitted by the defendants, and inasmuch as such use was sufficient to impose upon the company the duties embraced in the instruction given by the court, and it was not necessary to submit to the jury the question whether the track was used by the public in such large numbers as to impose such duties upon the company, we fail to see wherein defendants were prejudiced by the comment of the court. Indeed, the only person who could have been prejudiced by the action of the court was the plaintiff, for he was deprived of the opportunity of showing that the care required of the defendants should have been commensurate with the extent and frequency of the use of the tracks at the place of the accident. We, therefore, conclude that neither the giving of the instruction complained of nor the comment of the court was sufficient to authorize a new trial. We have also examined the other grounds relied on for a new trial and find none of them sufficient to support the action of the trial court. We, therefore, conclude that the new trial was improperly granted.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with the first verdict.