## South Covington & Cincinnati Street Railway Company v. Miller's Administratrix.

(Decided September 26, 1917.)

### Appeal from Kenton Circuit Court.

1. Street Railroads—Injury to Traveler—Death—Proximate Cause. —In an action against a street railroad company to recover damages for the death of a traveler on a public street, evidence examined and held that the question, whether the injury inflicted by the company was the proximate cause of the decedent's death, was for the jury.

2. Street Railroads—Injury to Traveler—Death—Instructions.—In an action against a street railroad company to recover damages for the death of a traveler on a public street, an instruction telling the jury that it was the duty of the defendant in the operation of its car on the public highway, to have its car under reasonable control, to keep a lookout for the presence of persons upon or in proximity to its tracks, for the purpose of avoiding coming in contact with them, and to give reasonable and timely warning by the ringing of the gong of the approach of the car to persons upon or in close proximity to its tracks, and to exercise ordinary care to avoid striking persons upon and using the street; and that it was the duty of the plaintiff using the street, to exercise ordinary care to avoid being struck by cars operating upon the defendant's tracks, is not subject to the complaint, that it defines with too great particularity the duties of the motorman, but fails to state fully the duties of the plaintiff.

3.  Street Railroads—Injury to Traveler—Death—Instructions.—It is
    not error to refuse an instruction which is but the converse of a
    given instruction.

4.  Street Railroads—Injury to Traveler—Death—Instructions.—In an
    action against a street railroad company to recover damages for
    the death of a person pulling a truck along the highway, it was
    not error to refuse an offered instruction, telling the jury that
    the motorman had the right to presume that the truck would re-
    main in a place of safety until by its movement some indication
    was given that it would leave its place of safety and get into a
    place of danger from the approaching car, for the reason that such
    an instruction ignores the duty of the motorman to give timely
    warning of the approach of the car, and a motorman in charge
    of a car approaching in the rear of a vehicle has no right to
    assume that the vehicle will not get on the tracks, unless he has
    taken the necessary steps to apprise the person in charge of the
    vehicle of the approach of the car.

·LEWIS F. BROWN for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

Louisa Miller, as administratrix of Ferdinand Miller,
deceased, brought this suit against the South Covington
and Cincinnati Street Railway Company, to recover dam-
ages for his death. From a judgment in favor of plaintiff.
for five thousand dollars ($5,000.00), the defendant ap-
peals.

The accident occurred on Third street in the city
of Covington, on April 28, 1914. At that time the de-
cedent, Miller, was engaged in pulling a truck with his
back towards the truck. One of the defendant's cars,
approaching from the rear, struck the truck or some ob-
ject on the truck, and caused the tongue to strike the
decedent in the small of his back. On July 7, 1915, while
leaning over for the purpose of handling a casting, his
back was fractured. He was carried immediately to the
hospital, where he died on January 28, 1916. Suit was
originally brought by the decedent himself, but upon his
death, his administratrix filed an amended petition, ask-
ing damages for his death.

1. One of the grounds urged for a reversal is, that
the trial court erred in not holding as a matter of law,
that the street car accident of April 28, 1914, was not
the proximate cause of decedent's death. The argument
is as follows: After the accident, the decedent continued

to work. In his deposition taken at the hospital, he said that at the time his back was broken, he was helping a man lift a little piece of casting and the man "let down on him." While this is true, it appears from the testimony of the man who was present at the second accident, that decedent had not taken hold of the casting, but was merely leaning over for that purpose when his back gave way. It further appears that after the first accident, decedent was given light work and was compelled to work in a stooping position. The physician who treated him says that decedent's condition gradually grew worse, and that the final fracture of his back was due to the degeneration of the muscles, ligaments and bones caused by the original accident to his back. The proximate cause is that which stands next in causation to the effect, not necessarily in time or space, but in causal relation. Paducah Traction Company v. Weitlauf, 176 Ky. 82. While it is true that decedent's back broke when he leaned over to pick up the casting, in July, 1915, or while he was engaged in lifting the casting, yet, if plaintiff's evidence be true, the slight strain to which decedent was then subjected, would not have caused his back to break had it not been for the degeneration caused by the original injury inflicted by the defendant. Under these circumstances, we conclude that it was for the jury to say whether or not the original injury was the proximate cause of decedent's death.

2. In addition to other instructions not necessary to set out, the trial court instructed the jury as follows:

"1. The jury are instructed that it was the duty of the defendant in the operation of its car on the public highway, to have its car under reasonable control, to keep a lookout for the presence of persons upon or in proximity to its tracks, for the purpose of avoiding coming in contact with them, and to give reasonable and timely warning by the ringing of the gong of the approach of the car to persons upon or in close proximity to its tracks, and to exercise ordinary care to avoid striking persons upon and using the street. It was the duty of the plaintiff in using the street, to exercise ordinary care to avoid being struck by cars operating upon the defendant's tracks. If the jury shall believe from the evidence that at the time and place of the accident to the plaintiff, mentioned and described in the evidence, the defendant failed to have its car under reasonable control, or failed to keep a lookout for the presence of persons upon or in

proximity to its tracks, or to give a signal of the approach of the car, or failed to exercise ordinary care to avoid coming in contact with the plaintiff, and that by reason thereof the defendant's car struck the truck or the casting thereon, being drawn by the plaintiff, and that by reason thereof the tongue or handle of the truck was caused to strike the plaintiff in the back, and he was thereby injured, and if the jury shall further believe from the evidence that by reason of the injury so received, if any, the muscles and ligaments of plaintiff's back were so impaired or degenerated, that thereafter while preparing to lift a weight, such impairment or degeneration of the muscles caused a partial displacement or dislocation of the vertebra, and that by reason thereof his death resulted, the jury will find a verdict for the plaintiff. Unless the jury shall further believe from the evidence, as in the 2nd instruction, in which latter event the jury will find a verdict for the defendant. Unless the jury shall believe as in this, the 1st instruction, the jury will find a verdict for the defendant.

"2. If the jury shall believe from the evidence that at the time and place of the accident mentioned and described in the evidence, the plaintiff failed to exercise ordinary care to avoid coming in contact with the car, or being struck by it, and that but for such failure contributing thereto the accident would not have happened, and the plaintiff would not have been injured, the jury will find a verdict for the defendant."

The trial court refused to give the following instructions, which were offered by the defendant:

"A. The court instructs the jury that if they believe from the evidence that the death of the plaintiff was not caused by his being struck or injured by defendant's car at the time complained of herein, but was caused at some other time, or by some other cause, you will not find for the plaintiff on account of any injury or injuries resulting in plaintiff's death, if such injury or injuries did result in plaintiff's death, caused at some other time or by some other cause, or means.

"B. The court instructs the jury that the defendant's motorman was under no obligation to stop his car or to check its speed, if it was not going at an unreasonable speed, as long as the truck or wagon mentioned in the proof, and which was being pulled by plaintiff, was in a place of safety from the approaching car, and the said motorman had the right to presume that the

said truck or wagon would remain in a place of safety until by its movement some indication was given that it would leave its place of safety and get into a place of danger from the approaching car. And if the jury believe from the evidence that the said car was not being operated at an unreasonable rate of speed at the said time and place, and that the defendant's motorman used ordinary care to check the car and prevent the collision as soon as he discovered or could by the exercise of ordinary care have discovered, that the said truck or wagon which was pulled by plaintiff, was in danger from the approaching car, then the law is for the defendant, and the jury should so find.''

Complaint is made of instruction No. 1, because it defined at great length the numerous duties of the motorman in charge of the defendant's car, but limited the duty of the decedent to the exercise of ordinary care, to avoid being struck by defendant's car. In discussing the reciprocal duties of a street car company and a traveler on a public street, in the recent case of Smith's Administrator v. Louisville Railway Company, 174 Ky. 784, we said:

"While the right of a street railroad company to the use of that part of the public street or highway occupied by its tracks is paramount to that of the public, because of the fact that its cars run on a fixed track, yet, subject to this qualification, the rights of the company and of the traveler are equal and reciprocal, the traveler having as much right, if in the exercise of ordinary care, to go across or along such part of the street when not occupied by cars as across or along any other part of the street, and is not a trespasser in doing so. Out of this equality of right arise reciprocal obligations, it being the duty of the company, on the one hand, to keep a lookout, to have the car under reasonable control, to give timely warning of its approach, and to use ordinary care to avoid injuring persons on, or so near to, the track as to be in danger, and the duty of the traveler, on the other, to exercise ordinary care to learn of the approach of the car and to keep out of its way.''

It is clear that instruction No. 1 is in substantial compliance with the rule of the above opinion, the only difference being, that instruction No. 1 uses the words "to exercise ordinary care to avoid being struck by cars,'' while the language employed in the above opinion is "to exercise ordinary care to learn of the approach of

the car and to keep out of its way." Manifestly this difference is too slight to authorize a reversal.

It was not error to refuse to give instruction "A," offered by the defendant, for it was in effect only the converse of instruction No. 1.

Nor did the court err in refusing to give instruction "B," offered by the defendant. That instruction, not only overlooked the duty of the motorman to give timely warning of the approach of the car, but authorized the motorman, without giving such warning, to presume that the truck would remain in a place of safety until by its movement some indication was given that it would leave its place of safety and get in a place of danger from the approaching car. As we have before seen, the traveler in charge of a vehicle has the right to use any portion of the public street, and a motorman should always operate his car with this right in view. It therefore follows, that where a car is approaching in the rear of a vehicle near the tracks, the motorman cannot assume that the vehicle will not get on the tracks, unless he has taken the necessary steps to apprise the person in charge of the vehicle of the approach of the car.

Judgment affirmed.