## Louisville Railway Company v. Koob.

(Decided January 25, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Appeal and Error—Street Railroads—Collision of Automobile With Car—Instructions.—In a suit against a street railroad for personal injuries caused by a collision between a car and the truck in which plaintiff was riding, it was not error to refuse an instruction to the effect that, if the street car was being operated at a reasonable rate of speed, the motorman had a right to presume that the automobile, which was moving along the tracks in front of the car, would continue in the path of safety until some indication was given, either by its movement or by a signal from the driver, that it would leave the path of safety and get into the path of the approaching car, or if the motorman saw the automobile cross the track, he had a right to presume that it would not stop on the track but would pass off the path of the car, since the duty to keep a lookout and use ordinary care to avoid colliding with the automobile truck necessarily carried with it the additional duty of anticipating that the truck might leave the track at any public alley or cross street.

2. Street Railroads—Collision of Automobile With Car—Trial—Instructions.—In such a case the court properly refused an instruction telling the jury that if they believed from the evidence that the vehicle in which plaintiff was riding got on to the street car track so close to the front end of the street car, that if the said car was running at a reasonable rate of speed, the motorman under the conditions then and there existing could not by the exercise of ordinary care in the use of the means at his command have perceived the danger to the plaintiff and stopped the car in time to have avoided injury to her, then, notwithstanding that the speed of the car was excessive, the law was for the defendant and the jury should so find, since the case was not one where the collision was caused by the truck's suddenly coming on the track, but by its suddenly stopping on the track, and this defense was presented by another instruction more favorable than defendant was entitled to.

3. Street Railroads—Collision of Automobile With Car—Personal Injuries—Evidence of Permanent Injuries Question for Jury.— In a suit against a street railroad for personal injuries, evidence of permanent injuries held sufficient to take the case to the jury.

4. Damages—Excessive Damages.—In a suit for personal injuries, a verdict for $3,800.00 held not excessive.

ALFRED SELLIGMAN and STRAUS, LEE & KRIEGER for appellant.

FRED FORCHT and ELMER C. UNDERWOOD for appellee.

Opinion of the Court by Judge Clay—Affirming.

Margaret Koob sued the Louisville Railway Company for personal injuries and recovered a verdict and judgment for $3,800.00. The company appeals.

According to the evidence for plaintiff, the accident happened under the following circumstances. Plaintiff was employed as a clerk by the Swiss Cleaners & Dyers of Louisville at their office on Fourth street, between Chestnut and Broadway, and was earning $15.00 a week. Her employer had several automobile delivery trucks which were used in connection with its business. On November 23, 1918, plaintiff asked permission to visit her mother at the St. Mary and Elizabeth Hospital, which is located in the southern part of the city. Permission having been granted, she asked a driver of one of the automobile trucks to take her to the hospital. The place of her employment was on the east side of Fourth street at the first alley south of Chestnut street. At that place she entered the truck and sat on the front seat. The automobile proceeded south on Fourth street in the path of the car tracks. When they reached the first alley north of Broadway, the driver made a turn to go west through this alley to Fifth street for the purpose of avoiding a blockade at Fourth and Broadway, and came to a full stop. After it had been standing on the car tracks for about a minute, the truck was struck by a southbound Fourth street car, running at a speed of about fifteen miles an hour, and was hurled on to the sidewalk into the side of a building, knocking a part of the stone loose from the building and throwing plaintiff into the air as high as the top of the truck, so that she fell upon the street and was injured. Plaintiff's witnesses further say that when the truck stopped, the car was about 200 or 250 feet distant, and the driver held out his hand to indicate that he would change his direction. On the other hand, the evidence for the defendant is that the truck pulled in front of the car and the motorman had to slow down to keep from hitting the truck. As the car and truck moved south on Fourth street, the truck kept gaining on the car. When the truck started to turn into the alley, the driver gave no signal that he intended to do so. When the truck stopped, it was only fifteen or eighteen feet in front of the car. The brake was in good condition and the car could have been stopped within

ten or twelve feet had it not been for the presence of tanbark on the track. The motorman did all in his power to stop the car. Although he had not gone far enough to pick up all the current, the full current was on and he was going at a pretty good rate of speed.

Complaint is made of the refusal of the court to give the following instruction:

"The court instructs the jury that if the motorman in charge of the defendant's car was operating the same at a reasonable rate of speed, that if he saw the automobile in which plaintiff was riding proceeding southwardly in a path safe from the approaching car, that said motorman had the right to presume that the said automobile would continue in said path of safety until some indication was given either by its movement, or by a signal from its driver, that said automobile would leave its place of safety and get into a path of danger from the approaching car, or if said motorman saw said automobile cross his track, he had a right to presume it would not stop on the track but would continue on across and pass off the path of the car."

This is not a case where the person injured, or the vehicle containing the person injured, was off the track and in a place of safety and came on the track in front of an approaching car. Louisville Railway Co. v. Hoskin's Admr., 28 R. 124, 88 S. W. 1087; L. & N. Ry. Co. v. Edelen's Admrx., 29 R. 1125, 96 S. W. 901; Ford's Admr. v. Paducah City Railway, 30 R. 644, 99 S. W. 355. On the contrary, the case is one where the truck carrying plaintiff was in a place of danger as long as it remained on the track, and the duty to keep a lookout and to use ordinary care to avoid colliding with the truck necessarily carried with it the additional duty of anticipating that the truck might leave the track at any public alley or cross street. We therefore conclude that the court did not err in refusing the offered instruction.

Complaint is also made of the refusal of the court to give the following instruction:

"Or if you believe from the evidence that the vehicle in which the plaintiff was riding got on to the street car track so close to the front end of the street car, that if the said car was running at a reasonable rate of speed, the motorman under the condition then and there existing could not by the exercise of ordinary care in the use of the means at his command have perceived the

danger to the plaintiff and stopped the car in time to have avoided injury to her, then notwithstanding that the speed of the car was excessive, if that be a fact, the law is for the defendant and the jury should so find."

The instruction in question does not apply to the facts of the case. The case is not one where the collision was caused by the vehicle's suddenly coming on the track, as the accident did not occur at that time. The defense which defendant's evidence tended to establish is that the truck suddenly stopped upon the track, and this defense is fully presented by a given instruction even more favorable than defendant was entitled to, directing the jury to find for the defendant if they believed from the evidence that the driver of the truck stopped his truck so nearly in front of the car that the motorman, after he saw, or by the exercise of ordinary care could have seen, his position of peril, could not, by the exercise of ordinary care and the use of the means at his command, have stopped the car and avoided the collision.

It is next insisted that the evidence was not sufficient to justify an instruction authorizing a recovery for permanent injuries, and that the verdict of $3,800.00 is excessive. Plaintiff's evidence shows that she was thrown high into the air and on to the pavement. There was a lump on her head about the size of half a hen egg, her breast was bruised and swollen, one of her ribs was fractured, and there were numerous bruises on different parts of her body. Prior to the accident she had no difficulty in hearing through her left ear, but after the accident her hearing was greatly impaired. She suffered severe pains after the accident and continued to suffer at the time of the trial. Her physician, though admitting that it was possible that the defect in hearing might have been due to a catarrhal condition of the nose, was inclined to the opinion that it was caused by the accident. Another physician removed a tumor from her breast as her breast was then bruised and inflamed, and he was afraid it might result in cancer. About five years before he had noticed the tumor and had recommended that it be taken out then, as it might become malignant if irritated. However, there was no danger of its becoming maliginant if not irritated. When the bruised gland was removed, it showed irritation. For the defendant Dr. Kelly testified that he found a chronic catarrhal condition of both ears which was of long standing. This con-

dition was not due to trauma. The only thing that could account for the condition was catarrh. Dr. Sherril testified that he examined both her ear drums and found them normal. There was no anatomical evidence of any injury to her body. Plaintiff's hearing in her left ear was about one-half normal. Deafness could result sometimes from trauma. He found no evidence of a catarrhal condition. It is argued that defendant is not responsible for the operation on plaintiff's breast, since the operation was due to a tumor which should have been removed several years before. However, the evidence shows that the tumor was not malignant, and if the breast had not been bruised and irritated, it might never have been necessary to remove the tumor. Hence, it cannot be said that the defendant was in no wise responsible for the operation, for the accident caused the bruised condition which made the operation necessary. Coming to the question of hearing, the evidence shows that plaintiff's hearing was all right prior to the accident. It cannot be doubted that she received a very severe blow on the head. One physician attributed the loss of hearing to the accident, though he conceded that it might have been caused by catarrh. Another physician was satisfied that catarrh was the sole cause of the defect, while still another physician found no evidence of a catarrhal condition. On the whole, we think there was sufficient evidence of permanent injury to take the case to the jury, and we are unable to say that the verdict is so excessive as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.

Whole court sitting.