### TYLER, Admr. v. HOCKING VALLEY RD. CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1465. Decided Dec. 3, 1926.

(Judge Williams of the Sixth Appellate District sitting in place of Judge Kunkle of the Second Appellate District.)

480. EVIDENCE—Permitting attorney to elicit from witnesses their opinion as to whether or not speed of railroad train over crossing in question was fair, reasonable and proper, is error, but not prejudicial where crossing is in open country.

829. NEGLIGENCE—Fireman upon a locomotive must exercise ordinary care with reference to watching track ahead and warning engineer.

301. CONTRIBUTORY NEGLIGENCE—Passenger in automobile must use ordinary care in looking and listening, at approch to railroad crossing, and warn driver of approach of train.

Error to Common Pleas. Judgment affirmed.

**First Publication of this Opinion**

WILLIAMS, J.

Action for damages for wrongful death of Lucretia A. Tyler, plaintiff's decedent. The jury in the Common Pleas Court returned a verdict for the defendant.

The evidence shows that the deceased, while riding as a passenger in an automobile, was struck and killed, at a grade crossing, by one of defendant's trains. The train was traveling at 45 miles per hour, and the crossing was out in the open, where the approach of the train could be plainly seen by the occupants of the automobile when about 200 feet from the crossing, and the train over 1000 feet away.

It is claimed that the court below erred in permitting counsel for the defendant to elicit from witnesses their opinion as to whether or not a speed of 45 miles per hour over the crossing in question was fair, reasonable and proper. Clearly the action of the court in this respect was error. Ford's Admr. v. Peducah City Railway Co. 90 S. W., 355; 124 Ky., 488. It was not, however, prejudicial to the plaintiff for the reason that the crossing was in the open country and the railroad had a right to run its trains at such rate of speed as those in charge of them deemed safe for the transportation of passengers and property. Railroad Co. v. Kistler, 66 OS. 327.

It is also complained that the court erred in charging the law as to contributory negligence with reference to the plaintiff. Of course, under the law of Ohio, the negligence of the driver of an automobile can not be imputed to the passenger. Commissioners v. Bicher, 98 OS., 432; Toledo Railways & Light Co. v. Meyers, 93 OS., 304. On the other had plaintiff's decedent was required to use ordinary care in the exercise of her own faculties in looking and listening as she approached the crossing, and the court did not err in giving the law as to contributory negligence.

It is also claimed that the court erred in not permitting the plaintiff to offer in evidence the following rule of the defendant company under the head of "Firemen," which reads as follows:

"They must, when on the road, and not otherwise properly engaged, keep a careful watch upon the track and instantly warn the engineer of any obstruction or signal."

We are of the opinion that it was not error to exclude this rule for the reason that if such a rule were properly made and promulgated and enforced, it would impose no duty not enjoined by law upon a fireman of the defendant company.

Judgment affirmed.

(Allread and Ferneding, JJ., concur.)

Attorneys—F. S. Monnett for Tyler, Admr.; Messrs. F. C. Rector and F. C. Amos for Railway Co.; all of Columbus.